**SUSAN MARTIN (AZ#014226)**
**DANIEL BONNETT (AZ#014127)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, P.L.L.C.**
1850 N. Central Avenue, Suite 2010
Phoenix, Arizona 85004
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

**DAN GETMAN (*Pro Hac Vice*)**
**GETMAN & SWEENEY PLLC**
9 Paradies Lane
New Paltz, NY 12561
(845) 255-9370
dgetman@getmansweeney.com

**EDWARD TUDDENHAM**
228 W. 137th St.
New York, New York 10030
 (202) 249-9499
etudden@prismnet.com
Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Virginia Van Dusen, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Swift Transportation Co., Inc., et al., <br><br> Defendants. | **No. CV 10-899-PHX-JWS** <br><br> **PLAINTIFFS' REPLY BRIEF ON INTERLOCUTORY APPEAL** <br><br><br> **(Oral Argument Requested)** |

Pursuant to the Court's order dated August 9, 2011, (Doc. 316), Plaintiffs hereby submit this reply in further support of Plaintiff's Motion to Certify an Interlocutory Appeal under 28 U.S.C. § 1292(b).

In *In re Cement Antitrust Litigation (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1982), the Ninth Circuit established the standard for District Court determination of certification of interlocutory appeals: "These certification requirements are (1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* The Ninth Circuit has specified that, "§1292(b) is to be applied sparingly and only in exceptional cases". *United States v. Woodbury,* 263 F.2d 784, 788 (9th Cir. 1959).

In this case, a unanimous panel of the Ninth Circuit has already ruled that a Court may not refer an FAA Section 1 exemption claim to an arbitrator, since the Court's authority to send a case to arbitration rests upon the application of the FAA:

> In essence, Defendants and the District Court have adopted the position that contracting parties may invoke the authority of the FAA to decide the question of whether the parties can invoke the authority of the FAA. **This position puts the cart before the horse: Section 4 has simply no applicability where Section 1 exempts a contract from the FAA, and private contracting parties cannot, through the insertion of a delegation clause, confer authority upon a district court that Congress chose to withhold.**
>
> * * *
>
> **It follows that a district court may not compel arbitration pursuant to Section 4 unless the "agreement for arbitration" is of a kind that Sections 1 and 2 have brought under federal regulation.**
> **Our reading of the FAA is consistent with the relevant case law in the field.** As previously stated, the law clearly permits parties to delegate

> "questions of arbitrability" to an arbitrator. *See, e.g., AT & T Techs.,* 475 U.S. at 649. The Supreme Court defines "questions of arbitrability" as questions of "whether the parties have submitted a particular dispute to arbitration." *Howsam*, 537 U.S. at 83. The question at issue here does not fit within that definition, however: whatever the contracting parties may or may not have agreed upon is a distinct inquiry from whether the FAA confers authority on the district court to compel arbitration. The Court has never indicated that parties may delegate this determination to an arbitrator in the first instance; on the contrary, it has affirmed that, when confronted with an arbitration clause, the district court must first consider whether the agreement at issue is of the kind covered by the FAA. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 401 (1967) (resolving "first question" of whether a consulting agreement "evidenc[ed] transactions in 'commerce'"). This is equally true where the arbitration clause at issue delegates an arbitrability question because "[a]n agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-a-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S. Ct. 2772, 2777-78 (2010) (emphasis added).

Doc. 311, pp. 10-12 (emphasis added).

Defendants claim that the Ninth Circuit's ruling, while denying mandamus, nevertheless suggests that the question of the District Court's authority to compel arbitration is "relatively close." Def. Resp. Brf., Doc 319, p. 1. While the Circuit did hold that whether this Court's ruling under the clearly erroneous standard for issuance of mandamus was relatively close, and noted that language in prior opinions could be read to support the reference of the Section 1 exemption to an arbitrator, the Court stated flatly, "**a district court may not compel arbitration pursuant to Section 4 unless the 'agreement for arbitration' is of a kind that Sections 1 and 2 have brought under federal regulation.**" Doc. 311, p. 11 (emphasis added). This language is neither ambiguous, nor suggestive of the Circuit countenancing alternate possibilities.

In this case, if an interlocutory appeal is not granted, the 214 Plaintiffs will be

required to proceed individually in arbitration, necessitating years of litigation in a forum that the Ninth Circuit has held has NO authority to determine whether it has jurisdiction to hear the case(s) and therefore has no power to hear the case -- until such time as the District Court determines the antecedent question of the Section 1 exemption. And, since the Ninth Circuit has stated that the arbitrator has no power to determine the applicability of the FAA, multiple appeals after final judgment in this matter or in separate proceedings to vacate the arbitration decisions of each arbitration ruling will then be available to either party -- Plaintiffs or Defendants – whichever is aggrieved by the result.

Interlocutory appeals of references to arbitration are not uncommon. *See e.g. Vimar Seguros y Reaseguros, S.A. v. M/V Sky Reefer*, 515 U.S. 528, 530 (1995) (recounting history of certification of interlocutory appeal of reference to arbitration). And the Ninth Circuit has itself held that this type of issue may be certified. *Kuehner v. Dickinson & Co.,* 84 F.3d 316 (9th Cir. 1996) (affirming certification of interlocutory appeal of arbitration reference when authority for reference unclear); *Three Valleys Mun. Water Dist. v. E.F. Hutton & Co., Inc.,* 925 F.2d 1136, 1138 (9th Cir. 1991) (plaintiffs filed a petition for permission to appeal the portion of the Central District of California district court's order compelling arbitration and the district court certified the portion of its order directing arbitration for immediate interlocutory appeal.); *Dalie v. Pulte Home Corp.*, 636 F.Supp.2d 1025, 1028 (E.D.Cal. 2009) ("enforceability of the class action waivers is a controlling question of law in this case. Whether plaintiffs may pursue their claims on behalf of a class will affect the course of the litigation entirely.") .

3

**Controlling Question of Law**

Defendants argue that *In re Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir.1982) held that a controlling question is one which determines who will win on the merits. However, in *Kuehner v. Dickinson & Co.,* 84 F.3d 316 (9th Cir.1996), the Ninth Circuit rejected this limited reading of *In re Cement Antitrust Litigation*, and certified an interlocutory appeal of the then unsettled question of whether FLSA claims could be heard in an NASD arbitration. The Court wrote:

> Dickinson & Co. argues that under *In re Cement Antitrust Litigation*, 673 F.2d 1020 (9th Cir. 1982), no question of law can be controlling unless it determines who will win on the merits. But in *Cement Litigation* we stated that "issues collateral to the merits" may be the proper subject of an interlocutory appeal. 673 F.2d at 1027 n. 5. **We agree with the district court that an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter.** A contrary holding would render meaningless the acknowledgment in 9 U.S.C. § 16(b) that an interlocutory order pursuant to the Federal Arbitration Act may in some circumstances satisfy the requirements of 28 U.S.C. § 1292(b).

*Id,* 84 F.3d at 319 (affirming prior merits panel determination to accept interlocutory appeal) (emphasis added).  For the very same reasons, the present case concerns a controlling question of law, since reference to arbitration will "cause the needless expense and delay of litigating [not one, but hundreds of cases] in a forum that has no power to decide the matter."

Defendants also claim that this issue cannot be a controlling question of law because it is not a pure question of law, but rather a mixed question of law and fact " because whether the Court or the arbitrator should decide the issue of the FAA § 1 exemption depends on the language of the parties' agreement and specifically whether it

4

includes a delegation clause," (Doc. 319, p.4). This argument is equally without merit. The Ninth Circuit explicitly rejected the idea that a delegation clause makes any difference to the question of who has authority to decide the Section 1 exemption question when it wrote that,

> The Court has never indicated that parties may delegate this determination to an arbitrator in the first instance; on the contrary, it has affirmed that, when confronted with an arbitration clause, the district court must first consider whether the agreement at issue is of the kind covered by the FAA. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 401 (1967) (resolving "first question" of whether a consulting agreement "evidenc[ed] transactions in 'commerce' "). **This is equally true where the arbitration clause at issue delegates an arbitrability question because "[a]n agreement to arbitrate a gateway issue is simply an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and the FAA operates on this additional arbitration agreement just as it does on any other."** *Rent-a-Center, West, Inc. v. Jackson*, ___ U.S. ___, 130 S. Ct. 2772, 2777-78 (2010) (emphasis added).

Doc. 311, p. 12, (emphasis added). The question of whether a Court has authority to refer an FAA Section 1 exemption determination to an arbitrator is purely one of law, and the Ninth Circuit has clarified that this gateway issue must be decided by a Court in the first instance, regardless of whether a delegation clause exists..

**Substantial Grounds for Difference of Opinion**

The second prong for analysis is whether there exists at a minimum "substantial grounds for difference of opinion." Defendants not very subtly misstate this standard by framing the question as "There Is No Substantial Grounds For A Difference Of Opinion **That Creates A "Substantial Likelihood" Of Reversal On Appeal.** Doc. 319, p.5 (emphasis added). Regardless of this misstatement of the standard, there is clearly substantial grounds for difference of opinion as a unanimous panel of the Ninth Circuit

5

disagrees with this the Court's prior ruling.

Given the Ninth Circuit's opinion, the only close question is whether the Ninth Circuit already ruled in Plaintiffs' favor on the question to be certified, or whether there are yet substantial grounds for difference of opinion on the question. Defendants elsewhere in their brief argue that the Ninth Circuit did not actually hold that the Section 1 exemption must be decided by the Court, but merely suggested a "close question" on the topic.1 Doc. 319, p.1, quoting the Ninth Circuit, "This factor, along with the lack of controlling precedent, render the question relatively close. [sic]" *Id.* But as already noted, the Ninth Circuit was examining whether Plaintiffs met the burden to show that the Court's ruling was clearly erroneous in order to satisfy their burden to obtain a writ of mandamus.   There was no close question insofar as the Ninth Circuit found that this Court could not refer the antecedent exemption question to an arbitrator. For Defendants to suggest that there are no "substantial" grounds for difference of opinion with respect to the Court's decision simply ignores the substance of the Court's opinion.

Defendants cite the Court's original determination that an arbitrator must determine the exemption question and the original denial of reconsideration as the basis for concluding that there are no substantial grounds for difference of opinion. However, the Ninth Circuit's ruling that "we favor Petitioners' interpretation over that of the District Court" (Doc. 311, p.12) and "we believe that the law, on balance, favors Petitioners' position" (*Id.*, p.13), and "we believe the best reading of the law requires the district court to assess whether a Section 1 exemption applies before ordering arbitration"

---

1 In fact, the Ninth Circuit's "close question," relates to issuance of mandamus, not to whether a Court may refer the Section 1 exemption to an arbitrator. Doc. 311, p.14.

6

(*Id.*, p.14), would at a minimum suggest "substantial grounds for difference of opinion."

**Materially Advancing the Ultimate Termination of the Litigation**

Plaintiffs believe that the Ninth Circuit has already decided that the Court and not an arbitrator must resolve the Section 1 exemption, when it wrote that "a district court has no authority to compel arbitration under Section 4 where Section 1 exempts the underlying contract from the FAA's provisions." (Doc. 311, p.10). If the Court agrees, or even if the Court believes that the Ninth Circuit merely used the word "favor" to indicate a non-binding assessment when it wrote that "we believe that the law, on balance, favors Petitioners' position" (Doc. 311, p. 13), a resolution of this question by a court and not by an arbitrator, will ultimately and significantly advance the termination of this litigation.

As explained above, if the arbitrator has no power to decide the Section 1 exemption question, referring that question to an arbitrator will delay the proceedings in this case for no purpose – requiring extensive proceedings in a forum for which the authority to hear the claims is not yet determined as the Court of Appeals requires. The futility of holding hundreds of chimerical proceedings might comport with a defendant's interest in delaying the ultimate resolution of claims, but it does not match the interests of justice. These chimerical proceedings will necessarily include extensive proceedings. For example, there are numerous threshold questions that the arbitrator must decide in each of the individual arbitrations:

- Substantial hardship waiver and/or deferral of fees entitlement
- Clause construction, including whether the proceedings will be held on individual or class arbitration basis

- Whether Plaintiffs are entitled to removal of the case back to court based on the Defendants' stipulation to Court jurisdiction, contained in the Lease
- Whether Plaintiffs are entitled to a preliminary injunction on the issues raised in the motion originally presented to the Court (Docs. 78, 79)
- Whether Plaintiffs are employees or independent contractors
- Whether the Section 1 exemption applies

If the arbitrator has no power to decide any of these time consuming and complex questions prior to a Court's decision on whether the FAA applies, then it is hard to imagine how an immediate appeal could be held not to advance the ultimate termination of the litigation. Whichever way the arbitrator decides the Section 1 exemption question, the aggrieved side will have an appeal, calling the arbitrator's decision into question whichever way it goes. It is also very likely that such an appeal would not lie until the termination of the complete arbitral litigation, necessitating not just all of the previously mentioned unnecessary stages, but also the resolution of all the complex myriad of liability questions in each of the arbitrations.

  It is true that if a Court ultimately determines that Plaintiffs are truly independent contractors and not employees, that the failure to decide the Section 1 exemption first (as required by the Ninth Circuit) would have no ultimately prejudicial effect. However, the parties would still be required to litigate the cases, and devote huge amounts of time and potentially vast sums of money, all without knowing whether the arbitral forum has authority to hear the cases. The Section 1 exemption question – whether a Court has power to send the case to arbitration – is doctrinally, logically, and practically, an

8

antecedent determination of who must hear the case. In no other context does a case get processed and heard, before determining who must hear the case. And for good reason.

It will not be quicker for 57 to 214 or more arbitrators[2] individually handling separate arbitrations to separately address all the varied questions in this litigation, when the Ninth Circuit has already ruled that "a district court has no authority to compel arbitration under Section 4 where Section 1 exempts the underlying contract from the FAA's provisions." (Doc. 311, p.10) The question of who must hear the cases must be decided before the cases are heard.

According to the Court of Appeals, the ultimate termination of this case cannot be had until a Court determines the antecedent question of whether the Section 1 exemption applies. Defendants ask the Court to "put the cart before the horse" and send the case to an arbitrator to hold extensive proceedings and render what will be unenforceable and legally irrelevant decisions on a host of legal issues. Denying an interlocutory appeal will clearly and significantly prolong the duration of litigation here by requiring extensive, financially draining and time consuming proceedings, all prior to determining if such arbitral proceedings are even permitted.

In contrast, an interlocutory appeal will allow the Court to decide whether the Section 1 exemption applies before sending this case to arbitration. Once that determination is made, the authority of any arbitrator or the Court to hear the individual cases will be established. Given that the Ninth Circuit's ruling clearly states that the law

---

[2] The 57 arbitrations that have been filed to date represent only a portion of the arbitrations that are expected from the approximately 214 consents to sue that were filed in the District Court.

9

requires this decision be made first by a Court, there should be no proceedings in

arbitration until the Section 1 exemption question has been determined by a Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify this case for an appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted this 30th day of August, 2011.

          **Martin & Bonnett, P.L.L.C.**

          By: <u>s/Jennifer Kroll</u>
          Susan Martin
          Daniel Bonnett
          Jennifer Kroll
          1850 N. Central Avenue, Suite 2010
          Phoenix, Arizona 85004
          Telephone: (602) 240-6900

          Dan Getman
          Getman & Sweeney, PLLC
          9 Paradies Lane
          New Paltz, NY 12561
          Telephone: (845) 255-9370

          Edward Tuddenham
          228 W. 137th St.
          New York, New York 10030

          ATTORNEYS FOR PLAINTIFFS

# CERTIFICATE OF SERVICE

I hereby certify that on August 30, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System as a lodged proposed sealed document and sent a copy of the foregoing by U.S. mail with a courtesy copy by email to the following counsel for Defendants:

Ellen M. Bronchetti
Paul S. Cowie
Sheppard Mullin Richter & Hampton
Four Embarcardero Center, 17th Floor
San Francisco, CA 94111


<u>s/T. Mahabir</u>