**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| **VIRGINIA VAN DUSEN, *et al.*,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **2:10-cv-00899 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| | ) | **[Re: Motions at Dockets 277 and 315]** |
| **SWIFT TRANSPORTATION CO., INC.,** | ) | |
| ***et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## I.  MOTION PRESENTED

At docket 277, plaintiffs Virginia Van Dusen, *et al.,* move to lift the stay in this action and vacate the order at docket 223 compelling arbitration.  At docket 287, defendants Swift Transportation Co., Inc., *et al.*, oppose the motion.  Plaintiffs reply at docket 300.  Defendants filed a surreply at docket 313.  Oral argument was requested, but it would not assist the court.

At docket 315, plaintiffs move for reconsideration of the court's order at docket 223 compelling arbitration and staying this action, or in the alternative, to certify an interlocutory appeal under 28 U.S.C. § 1292(b).  At docket 319, defendants oppose

the motion.  Plaintiffs reply at docket 320.  Oral argument was requested, but it would not assist the court.

## II.  BACKGROUND

The background facts in this action are set forth in full at docket 223 and are not repeated herein.  A brief summary of the relevant procedural background follows.  By order dated September 30, 2010, the court granted defendants' motion to compel arbitration and stay this action pending completion of arbitration.[1]  Plaintiffs timely filed a motion for reconsideration of the court's order, or alternatively, to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b), "the question of who decides the applicability of the FAA § 1 exemption where ... that question raises disputed fact issues going to the merits of the claims."[2]  By order dated October 28, 2010, the court denied plaintiffs' motion for reconsideration and for certification of an immediate appeal.[3]

Plaintiffs subsequently filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals.  In their petition, plaintiffs argued that the district court committed clear error by "refusing to resolve their claim of exemption from arbitration under Section 1 of the Federal Arbitration Act ("FAA") and Section 12-1517 of the Arizona Arbitration Act ("AAA") before compelling arbitration pursuant to those acts."[4]  The Ninth Circuit

---

[1]Doc. 223.

[2]Doc. 226.

[3]Doc. 229.

[4]*In re: Virginia Van Dusen, et al.*, No. 10-73780, slip op. 9609, 9612 (9th Cir. July 27, 2011).

denied plaintiffs' petition for mandamus relief on the grounds that it was not satisfied that the district court committed clear error.[5]

Plaintiffs filed a motion at docket 277 requesting the district court to vacate its order compelling arbitration pursuant to Section 4 of the FAA on the grounds that arbitration is prohibitively expensive.[6]  At docket 315, plaintiffs filed a "renewed motion for reconsideration" of the court's order at docket 223, or alternatively, to certify an interlocutory appeal under 28 U.S.C. § 1292(b).

### III.  DISCUSSION

In their opposition to defendants' motion to compel arbitration before the district court, plaintiffs argued that because they were "employees" of defendants, the Contractor Agreements at issue in this action were exempt from arbitration under the AAA and Section 1 of the FAA. The AAA "exempts all employer and employee employment agreements from the provisions of [the Act]."[7]  "Section 1 exempts from the FAA only contracts of employment of transportation workers."[8]

In its order at docket 223 granting defendants' motion to compel, the district court declined to rule on the applicability of the FAA exemption, stating in pertinent part,

> ...Deciding whether an employer-employee relationship exists between the parties falls within the scope of the arbitration agreement, because the arbitration agreement explicitly includes "any disputes arising out of or relating to the relationship created by the [Contractor Agreement]," as well as "any disputes as

---

[5]*In re: Virginia Van Dusen, et al.*, No. 10-73780, slip op. 9609 (9th Cir. July 27, 2011).

[6]Doc. 277 at p. 5.

[7]*North Valley Emergency Specialists, LLC v. Santana*, 93 P.3d 501, 506 (Ariz. 2004) (citing A.R.S. § 12-1517).

[8]*Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001).

to the rights and obligations of the parties, including the arbitrability of disputes between the parties" under the terms of the arbitration agreement.

In addition, resolving whether an employer-employee relationship exists would require an analysis of the Contractor Agreement as a whole, as well as the Lease and evidence of the amount of control exerted over plaintiffs by defendants, to determine whether an employer/employee relationship existed between the parties.  When the threshold question of arbitrability is before the district court, the district court considers only the validity and scope of the arbitration clause itself and not the contract as a whole.  *Republic of Nicaragua* v. Standard Fruit Co., 937 F.3d 469, 477 (9th Cir. 1991).[9]

In its opinion dated July 27, 2011, the Ninth Circuit Court of Appeals concluded that "a district court may not compel arbitration pursuant to Section 4 unless the 'agreement for arbitration' is of a kind that Sections 1 and 2 have brought under federal regulation," but denied plaintiffs' petition for writ of mandamus on the grounds that it was not convinced the district court committed clear error.[10]   The Court of Appeals' opinion stated in pertinent part,

> For reasons previously discussed, we believe the best reading of the law requires the district court to assess whether a Section 1 exemption applies before ordering arbitration.  We acknowledge, however, that the law's repeated admonishments that district courts refrain from addressing the merits of an underlying dispute can be read to favor the District Court's decision.  This factor, along with the lack of controlling precedent, render the question relatively close.  Whether or not the district court's interpretation ultimately withstands appeal, we cannot find it "clearly erroneous" as that term is used in the mandamus analysis.[11]

Based on the Ninth Circuit opinion dated July 27, 2011, plaintiffs now request the district court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) of the order at

[9]Doc. 223 at p. 19.

[10]*In re: Virginia Van Dusen, et al.*, No. 10-73780, slip op. at 9620.

[11]*Id.* at 9623.

-4-

docket 223.  Pursuant to 9 U.S.C. § 16(b)(2), an appeal may not be taken from an interlocutory order "directing arbitration to proceed under section 4 of this title," except as otherwise provided in 28 U.S.C. § 1292(b).  Section 1292(b) provides the Court of Appeals discretion to permit an appeal to be taken from an order not otherwise appealable when a district judge is of the opinion that the order  "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," and the district judge so states in writing in such an order.  The Court of Appeals may then "in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order."[12]

This court continues to believe its original opinion and order at docket 223 is correct, particularly in light of the fact that the parties agreed to arbitrate questions of arbitrability, as well as "any disputes arising out of or relating to the relationship created by the [Contractor Agreement.]"[13]  Although this court respectfully believes the Ninth Circuit panel erred by concluding that the district court should have determined the applicability of a Section 1 exemption in this action, there can be no gainsaying that there is now a substantial ground for difference of opinion on the issue of whether a district court should assess whether a Section 1 exemption applies where that question raises disputed facts going to the merits of plaintiffs' claims and the contracting parties

---

[12]28 U.S.C. § 1292(b).

[13]Doc. 223 at p. 8.

have agreed to arbitrate questions of arbitrability, as well as any disputes arising out of or relating to the relationship created by the Contractor Agreement at issue.

This court is further convinced that an immediate appeal from the court's order at docket 223 may materially advance the ultimate termination of this litigation. Consequently, the court will grant plaintiffs' request to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and specifically now finds that the order at docket 223 "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  Pursuant to § 1292(b), plaintiffs must file an application to appeal with the Ninth Circuit Court of Appeals within ten days from the entry of this order.

In their motion at docket 315, plaintiffs also renew their request that the court reconsider its order at docket 223 in light of the Ninth Circuit's opinion dated July 27, 2011.  As noted above, this court continues to believe that its original decision was correct.  Consequently, the court will deny plaintiffs' renewed motion for reconsideration at docket 315.

Plaintiffs' motion at docket 277 to vacate the district court's order compelling arbitration on the grounds that arbitration is prohibitively expensive is denied without prejudice.  The court declines to address the merits of this motion at the present time, because it is very likely that the appellate court will permit an interlocutory appeal to proceed.

**IV.  CONCLUSION**

For the reasons set out above, plaintiff's motion at docket 315 is **GRANTED** insofar as it seeks an order certifying an interlocutory appeal of the court's order at docket 223, and **DENIED** insofar as it requests this court to reconsider its order at docket 223.  It is **FURTHER ORDERED** that plaintiffs' motion at docket 277 is **DENIED** **without prejudice**.

DATED this 6th day of September 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE