UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe 1, *et al.*, | ) |
|       Plaintiffs, | )   2:10-cv-00899 JWS |
|       vs. | )   ORDER AND OPINION |
| Swift Transportation Co., Inc., *et al.*, | )   [Re: Motion at Docket 566] |
|       Defendants. | ) |

## I.  MOTION PRESENTED

At docket 566 defendants filed a motion asking the court to stay the proceedings and determine the appropriate resolution of the Federal Arbitration Act ("FAA") exemption issue.  Specifically, they ask the court to set aside the scheduling and planning order at docket 548 and set a briefing schedule where the parties can put forth their arguments as to why the plaintiffs' contractor agreements are not contracts of employment within the meaning of Section 1 of the FAA.  Plaintiffs respond at docket 572.  Defendants reply at docket 578.  Oral argument was requested but would not be of additional assistance to the court.

## II.  BACKGROUND

The background facts in this action are set forth in full at docket 223.  Suffice it to say the plaintiffs are truck drivers who entered into contractor operating agreements ("Contractor Agreements") with Defendant Swift Transportation Co. ("Swift").  In 2009, the plaintiffs filed a complaint against Swift and Defendant Interstate Equipment Leasing, Co., Inc. alleging various labor law claims and putting the status of the employment relationship between the plaintiffs and Swift at the heart of the lawsuit.  Defendants moved to compel arbitration based on the terms of the Contractor Agreements, but plaintiffs opposed arbitration based in part on Section 1 of the FAA, which exempts "contracts of employment of . . . workers engaged in foreign or interstate commerce."[1]  By order dated September 30, 2010, the court granted defendants' motion to compel arbitration and stay this action pending completion of arbitration.  The court concluded that the applicability of the exemption was a question for the arbitrator to decide in the first instance.[2]  Plaintiffs filed a motion for reconsideration of the court's order, or alternatively, to certify for immediate appeal pursuant to 28 U.S.C. § 1292(b), "the question of who decides the applicability of the FAA § 1 exemption where . . . that question raises disputed fact issues going to the merits of the claims."[3]  The court denied the plaintiffs' motion.[4]

Plaintiffs subsequently filed a petition for writ of mandamus with the Ninth Circuit Court of Appeals.  In their petition, plaintiffs argued that the district court committed clear error by "refusing to resolve their claim of exemption from arbitration under Section 1 of the [FAA] and Section 12-1517 of the Arizona Arbitration Act . . . before

---

[1] 9 U.S.C. § 1.

[2] Doc. 223.

[3] Doc. 226.

[4] Doc. 229.

compelling arbitration pursuant to those acts."[5] The Ninth Circuit concluded that a district court must first determine whether the agreement at issue is exempt as a contract of employment pursuant to Section 1 before ruling on a motion to compel arbitration. It nonetheless denied plaintiffs' petition for mandamus relief on the grounds that it was not satisfied that the district court committed clear error because the issue was one of first impression and because of "the law's repeated admonishments that district courts refrain from addressing the merits of an underlying dispute."[6]

After the Ninth Circuit's denial of mandamus, plaintiffs requested that the court again reconsider its order compelling arbitration or, alternatively, to certify an interlocutory appeal under 28 U.S.C. § 1292(b). The court granted the request to certify an interlocutory appeal because, based on the Ninth Circuit's order, there was a substantial ground for difference of opinion on the issue of whether a district court should assess a Section 1 exemption issue where it raises disputed facts going to the merits of the plaintiff's claims and the contracting parties have agreed to arbitrate questions of arbitrability. On appeal, the Ninth Circuit stated that its opinion in *Van Dusen* was the law of the circuit and remanded the case, instructing the district court to "determine whether the Contractor Agreements between each appellant and Swift are exempt under § 1 of the FAA" before ruling on the motion to compel arbitration.[7]

The court issued an order asking the parties to file a notice outlining what needed to be done to conclude the case. On July 15, 2014, both parties simultaneously filed separate notices. Defendants' notice at docket 542 essentially contended that the only thing to be done was for the court to review the four corners of the Contractor Agreements to determine if they were contracts of employment. Plaintiffs' notice at docket 543 set forth a comprehensive schedule for discovery

---

[5]*In re Van Dusen*, 654 F.3d 838, 840 (9th Cir. 2011) ("*Van Dusen I*").

[6]*Id.* at 846.

[7]*Van Dusen v. Swift*, 544 Fed. Appx. 724 (9th Cir. 2013) ("*Van Dusen II*").

needed to determine what facts bear on plaintiffs' status as employees or independent contractors. The court, believing plaintiffs' approach was correct given the Ninth Circuit's rulings, set forth a scheduling and planning order in conformity with plaintiffs' suggested schedule.[8]

Defendants then filed the motion at issue. Again, they assert that the court should only look at the terms of the Contractor Agreements to determine whether they are contracts of employment. They argue that the court cannot authorize discovery and a trial on the issue of whether the Contractor Agreements are employment contracts because that would necessarily require the court to decide the merits of the underlying case, which would effectively be the same as denying arbitration.

### III.  DISCUSSION

**A. Proper motion**

Plaintiffs oppose the motion based in part on the argument that defendants are improperly asking the court for reconsideration of its prior order at docket 546. Defendants correctly point out, however, that the order at docket 546 was not in response to a motion; it was an order related to scheduling. The parties had simultaneously filed notices in response to the court's order at docket 536, which asked for a summary of "those matters which need to be addressed to resolve this litigation." Plaintiffs' notice included legal argument as to why discovery was appropriate, but given the simultaneous nature of the filings, defendants did not have an opportunity to fully brief the issues raised by plaintiffs. The court will consider defendants' motion.

**B. Discovery warranted**

Defendants argue that discovery on the issue of whether the Contract Agreements were contracts of employment for purposes of Section 1 is not warranted because the court need only consider the four corners of the agreements. Defendants cite the Ninth Circuit's mandate to "determine whether the Contract Agreements

---

[8]Doc. 548.

between each appellant and Swift are exempt under § 1 of the FAA before it may consider Swift's motion to compel."[9]  They argue that the mandate instructs the court to look only at the terms of the agreements and not the working relationship between the parties.  In other words, defendants assert that the issue of whether plaintiffs entered into contracts of employment is distinct from the issue of whether plaintiffs were employees.  The court disagrees.

The question of whether an agreement is a contract of employment is not simply a question of the stated intent of the parties.  If that were the case, then the use of the term "independent contractor" would simply govern the issue.[10]  Whether the parties formed an employment contract—that is whether plaintiffs were hired as employees—necessarily involves a factual inquiry apart from the contract itself.  That analysis will require the court to consider the "Contractor Agreement as a whole, as well as the lease and evidence of the amount of control exerted over plaintiffs by defendants."[11]  Indeed, the distinction between independent contractors and employees is "highly factual."[12]  Classifying the arrangement requires the court to consider numerous fact-oriented details, such as the employer's right to control the work, the individual's opportunity to earn profits from the work, the individual's investment in equipment and material needed for the work, whether the work requires a specialized skill, and whether the work done by the individual is an integral part of the employer's business.[13]  Plaintiffs should be provided an opportunity to discover evidence that would affect the court's analysis regarding the parties' intent in this regard.

---

[9] *Van Dusen II*, 544 Fed. Appx. 724, at **1.

[10] *See Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) (noting that contractual labels alone do not determine employment status).

[11] Doc. 223 at p. 19.

[12] *Harden v. Roadway Package Sys., Inc.*, 249 F.3d 1137, 1141 (9th Cir. 2001).

[13] *Real*, 603 F.2d at 754.

1    Even the cases relied upon by defendants support this conclusion.  In *Owner-Operator Independent Drivers Association, Inc. v. Swift*,[14] the court looked at whether the Section 1 exemption would apply to truck drivers classified as independent contractors under the applicable contractor agreement.  It held that the characterization of the relationship described in the agreement governs under a Section 1 exemption analysis *unless* the non-moving party can prove through the "terms of the contract *and the circumstances of [the plaintiffs'] working relationship with [defendant]*" that they had a contract of employment.[15]  Indeed, contrary to defendants' assertion that the issue of whether plaintiffs entered into contracts of employment is distinct from the issue of whether plaintiffs were employees, the cases defendants rely upon, as well as other cases addressing the Section 1 exemption issue, do not make this distinction and instead frame the issue in terms of the plaintiff's employment status.[16]

Defendants also argue that discovery and trial is only appropriate if there is a dispute regarding the "making of the agreement" pursuant to Section 4 of the FAA. Defendants cite cases where discovery has been permitted on the issue of whether

---

[14] 288 F. Supp. 2d 1033 (D. Ariz. 2003).

[15] *Id.* at 1035 (emphasis added); *See also Carney v. JNJ Express, Inc.*, 10 F. Supp. 3d 848, 853-54 (W.D. Tenn. 2014); *Owner-Operator Indep. Drivers Ass'n, Inc. v. United Van Lines, LLC*, 2006 WL 5003366, at *3 (E.D. Mo. Nov. 15, 2006).

[16] *See, e.g., Carney*, 10 F. Supp. 3d at 853-54 (examining whether the plaintiffs were actually employees and how much control the defendant had over plaintiffs' performance); *Port Drivers Fed'n 18, Inc. v. All Saints*, 757 F. Supp. 2d 463, 472 (D. N.J. 2011) (concluding that plaintiffs failed to establish that they were employees rather than independent contractors); *Davis v. Larson Moving & Storage Co.*, 2008 WL 4755835, at *5-6 (D. Minn. Oct. 27, 2008) (examining whether plaintiff was functionally an employee of the defendant); *Flinn v. CEVA Logistics U.S., Inc.*, 2014 WL 4215359, at * 5 (S.D. Cal. Aug. 25, 2014) (examining whether plaintiff had an employment relationship with defendant); *Cilluffo v. Central Refrigerated Services, Inc.*, 2012 WL 8523507, at * 3 (C.D. Cal. Sept. 24, 2012) (noting that the Section 1 exemption issue turns on whether the plaintiffs are independent contractors or employees); *Bell v. Atl. Trucking Co.*, 2009 WL 4730564, at *4  (M.D. Fla. 2009) (examining whether plaintiff was an independent contractor or an employee).

there was an agreement to arbitrate in the first place but disallowed as to the merits of the underlying claims. Such cases are irrelevant here. None of the cases cited specifically hold that discovery is inappropriate when the merits are intertwined with the Section 1 exemption issue, as is the case here. Indeed, whether or not the parties entered into an employment agreement could conceivably fit within the confines of Section 4's allowance for discovery and trial because it involves a dispute about the nature of the agreement made between the parties.

Defendants also argue that the Section 1 exemption issue is always determined without discovery and trial, but again the cases cited are not directly on point. None of the cases specifically address whether or not discovery is appropriate. Furthermore, other courts looking at the Section 1 exemption issue have not limited their analysis to the four corners of the agreement.[17] Moreover, the cases relied on by defendants do not involve a situation where the exemption issue and the substantive issues are so intertwined that the question of exemption is dependent on the resolution of factual issues going to the merits. In such situations, if analogizing to a Rule 12(b)(1) motion to dismiss based on subject matter jurisdiction—which is often the vehicle used for raising motions to compel arbitration—the exemption determination should await a determination of the relevant facts on either a motion going to the merits or at trial.[18]

Finally, defendants again argue that under the FAA the court is prohibited from determining the merits. This is precisely what defendants argued to the Ninth Circuit as a reason why the Section 1 exemption issue should be heard by the arbitrator and what

---

[17]*See, e.g., Carney*, 10 F. Supp. 3d at 853-54 (relying in part on plaintiffs' declarations). *Flinn*, 2014 WL 4215359, at * 5-7 (relying on plaintiff's declaration); *Bell*, 2009 WL 4730564 (M.D. Fla. 2009) (relying on the text of the contract as well as the allegations in the plaintiffs' complaint).

[18]*See Augustine v. United States,* 704 F.2d 1074, 1077 (9th Cir.1983) (holding that for a 12(b)(1) motion "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial.")

caused district court to rule in favor of arbitration in the first place. The Ninth Circuit nonetheless ordered the district court to decide the issue despite "the law's repeated admonishments that district courts refrain from addressing the merits of an underlying dispute."[19]

**C. Order not appealable**

Defendants argue that if the court proceeds with the schedule set forth at docket 548, then it will have effectively denied arbitration in favor of litigation, and thus the order is appealable under Section 16(a) of the FAA. Defendants cite to *Koveleskie v. SBC Capital Markets, Inc.*[20] In *Koveleskie* the district court had refused to compel arbitration, concluding that discovery was appropriate before a decision could be reached on the arbitration issue. The Seventh Circuit stated that the district court's order was appealable under Section 16(a) as an ordering denying arbitration because the court was effectively foreclosing arbitration by proceeding to discovery.[21] Defendants also cite *Sandvik AB v. Advent International Corp.*[22] In *Sandvik* the court also held that it had jurisdiction to hear an interlocutory appeal under Section 16(a) after the district court indicated that it would delay a ruling on arbitration until it determined the validity of the underlying contract. The court noted that the district court effectively declined to compel arbitration and thus forced the defendant to face the possibility of enduring a full trial on the underlying controversy before it would receive an answer about whether it was legally obligated to participate in such a trial in the first place.[23]

While *Koveleskie* and *Sandvik* support a conclusion that orders delaying a ruling on arbitrability are immediately appealable under Section 16, the situation presented

---

[19] *Van Dusen I*, 654 F.3d at 846.

[20] 167 F.3d 361, 363 (7th Cir. 1999).

[21] *Id.*

[22] 220 F.3d 99, 103-04 (3rd Cir. 2000).

[23] *Id.*

here is distinguishable.  The court has been specifically instructed to decide the Section 1 issue, which as noted above necessarily involves some questions of fact, before it considers Swift's motion to compel.  Again, the Ninth Circuit was aware that the exemption issue and the substantive issues are so intertwined that the question of exemption is dependent on the resolution of factual issues going to the merits.  It nonetheless directed the court to proceed.

## V.  CONCLUSION

Based on the preceding discussion, defendant's motion at docket 566 is DENIED.

Due to the passage of more than two months from the time the scheduling order at docket 548 was entered until the filing of the motion at docket 566, plus the length of time it has taken the court to resolve the motion at docket 566, the schedule set in the order at docket 548 is no longer workable.  Accordingly, each of the deadlines in the order at docket 548 is extended by 7 months.

DATED this 22nd day of January 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE