1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

11  John Doe 1, *et al.*,

12              Plaintiffs,

13      vs.

14  Swift Transportation Co., Inc., *et al.*,

15              Defendants.

16

       2:10-cv-00899 JWS

       ORDER AND OPINION

       [Re: Motion at Docket 631]

## I.  MOTION PRESENTED

At docket 631 Plaintiffs filed a motion to compel discovery responses, arguing that Defendants have unjustifiably failed to respond to many of their discovery requests based on relevancy, breadth, and undue burden.  Defendants respond at docket 634. Plaintiffs reply at docket 635.  Oral argument was requested, but would not be of additional assistance to the court.

## II.  BACKGROUND

For readers needing to familiarize themselves with the case, a full recitation of facts and the procedural history of the case can be located at dockets 223 and 605.  At issue in the motion at hand is whether Plaintiffs are entitled to discovery materials related to their employment classification and working relationship with Defendants or whether discovery should be more limited in nature given the court's rulings at dockets 546, 605, and 622.  Plaintiffs argue that Defendants have failed to cooperate

with discovery and have yet to turn over materials in relation to fifty specific discovery requests, which are listed and described in Exhibit E of their motion.  Defendants argue that Plaintiffs' discovery requests are irrelevant and overbroad.  They argue that discovery should be limited to the parties' intent with regards to the named Plaintiffs' contractor agreements and should not include materials related to the parties' functional employment relationship.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[1] Relevance for purposes of discovery is defined broadly; "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2] The court must limit the requested discovery if it is shown to be "unreasonably cumulative or duplicative;" if "the party seeking the discovery has had ample opportunity to obtain the information;" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[3]  Additionally, Rule 26(c)(1) permits the court, with good cause, to limit discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

On a motion to compel, the party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b).[4] In turn, the party opposing discovery has the burden to demonstrate that

[1]Fed. R. Civ. P. 26(b)(1).

[2]Fed. R. Civ. P. 26(b)(1).

[3]Fed. R. Civ. P. 26(b)(2)(C).

[4]Fed. R. Civ. P. 26(b)(1).

1    discovery should not be allowed due to burden or cost and must explain and support its

2    objections with competent evidence.[5]

3                                    **IV.  DISCUSSION**

4            Defendants argue that they do not need to respond to many of Plaintiffs'

5    discovery requests because the scope of permissible discovery here is exceedingly

6    narrow and should exclude any evidence regarding the Plaintiffs' working relationship

7    with Defendants.  This is the third formulation of the same argument Defendants have

8    made at docket 542 and at docket 566, which is that the court need only review the

9    contract itself when determining whether they are "contracts of employment" within the

10   meaning of Section 1 of the Federal Arbitration Act.  In other words, Defendants assert

11   that the issue of whether Plaintiffs entered into contracts of employment for purposes of

12   arbitration exemption is distinct from the issue of whether Plaintiffs functioned as

13   employees.  The court rejected that argument at docket 546 and then again at

14   docket 605 after a detailed analysis of other Section 1 cases and applicable case law

15   regarding employment classification.  Defendants attempt to make the same argument

16   in their response to Plaintiffs' motion to compel, although they seem to concede that

17   some evidence outside the contracts could be relevant to provide insight into "the

18   intention of the parties at the time they formed the contract."

19           For the same reasons set forth in detail at docket 605, the court rejects

20   Defendants' arguments once again. The Ninth Circuit remanded the case and directed

21   the court to determine whether the parties formed employment contracts, which are

22   exempt under Section 1 of the FAA, and whether Plaintiffs had employment contracts

23   necessarily involves a factual inquiry apart from the contract itself.  It requires the court

24   to look at the economic realities of the parties' working relationship and not just the

25

26   _____

27           [5]*See Lind v. United States,* No. 13-cv-032, 2014 WL 2930486, at * 3 (D. Ariz. June 30,
     2014); *Integrated Global Concepts, Inc. v. j2 Global, Inc*., No. 5:12-cv-03434, 2014 WL 232211,
28   at *1 (N.D. Cal. Jan. 21, 2014).

                                           -3-

1  contract at issue or the parties' subjective intent.[6]  The fact that the inquiry necessary to

2  resolve the arbitration exemption issue is intertwined with the merits of the underlying

3  dispute does not prohibit the court from looking at the parties' working relationship.

4  Indeed, the Ninth Circuit directed the court to decide the exemption issue despite "the

5  law's repeated admonishments that district courts refrain from addressing the merits of

6  an underlying dispute."[7]  Despite Defendants' repeated assertion that discovery should

7  nonetheless be restricted, they cite no precedent requiring the court to impose more

8  stringent discovery limitations here.

9          Turning to the disputed discovery requests, which are summarized in Exhibit E to

10  Plaintiffs' motion, the court concludes that many of the requests are relevant to whether

11  Plaintiffs were hired as employees or contractors.  Most of the requests are limited to

12  the named Plaintiffs.  Information about their contracts, leases, contract modifications,

13  insurance, job performance, personnel files, fuel surcharges, and work instructions are

14  examples of relevant information.  Information about certain actions Defendants took in

15  relation to Plaintiffs are also relevant; for example, any violation notices issued,

16  disciplinary actions instigated, route changes authorized, invoices and bills sent, data

17  gathered from monitoring efforts, credit reporting or collection efforts taken, and

18  reimbursements issued.  Other general information not specifically related to Plaintiffs is

19  also relevant, such as standard form contracts and leases, recruitment information,

20  materials regarding Defendants' rules or policies related to training, discipline, benefits,

21  subcontracting, repair services, safety holds and the like are relevant.  However, to the

22  extent Plaintiffs seek communications or documents specifically related to all other

23  drivers not named in the lawsuit—such as disciplinary actions taken against,

24  authorizations granted to, or agreements with other drivers—the court concludes that

25

26          [6]*Real v. Driscoll Strawberry Assocs., Inc.*, 603 F.2d 748, 755 (9th Cir. 1979) (noting that
    economic realities of the parties' working relationship determines employment status, not
27  contractual labels or parties' subjective intent).

28          [7]*In re Van Dusen*, 654 F.3d 838, 846 (9th Cir. 2011).

-4-

1  the relevance of such items is outweighed by the likely burden and expense of tracking

2  down the information for all drivers, given the needs of the case and the information's

3  marginal importance to resolving the single issue at hand.

4         Defendants have not specified any particular objection to one of the fifty disputed

5  discovery items listed in Exhibit E.  Rather, Defendants' arguments in response to the

6  motion to compel are more general in nature.  Thus, the court will not address each of

7  the disputed items and instead the parties should use the court's discussion above as

8  guidance in proceeding with discovery going forward. To the extent Defendants have

9  some specific objection, they have not clearly identified what item they are disputing,

10  and they have not met their burden of demonstrating with appropriate evidence why

11  that disputed discovery item is irrelevant or overbroad.

12                              **V.  CONCLUSION**

13         Based on the preceding discussion, Plaintiffs' motion at docket 631 is GRANTED

14  IN PART AND DENIED IN PART.  Defendants are directed to respond to the requests

15  listed in Exhibit E in compliance with the guidance provided in this order, but

16  Defendants need not provide documents specifically related to drivers not involved in

17  this litigation.  Given that the motion has been denied in part, the court concludes that

18  the sanctions requested by both parties are not warranted.

19         DATED this 15th day of July 2015.

20

21

22                              /s/ JOHN W. SEDWICK
                                SENIOR UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

-5-