1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**John Doe 1,** *et al.,*

        **Plaintiffs,**

   **vs.**

**Swift Transportation Co., Inc.,** *et al.,*

        **Defendants.**

)
)
)
)
)
)
)
)
)
)
)
)

**2:10-cv-00899 JWS**

**ORDER AND OPINION**

**[Re: Motions at Docket 644, 652, 654]**

## I.  MOTIONS PRESENTED

At docket 644 Plaintiffs filed a motion to compel Defendants Swift Transportation Co., Inc. ("Swift") and Interstate Equipment Leasing ("IEL"; collectively, "Defendants") to testify regarding the topics set forth in Plaintiffs' Rule 30(b)(6) deposition notices.  They argue that Defendants have unjustifiably objected to the topics listed in the deposition notices based on relevancy, breadth, and undue burden.  Before filing a response, Swift, at docket 652, filed a motion for a protective order regarding Plaintiffs' Rule 30(b)(6) deposition notice, requesting that the court preclude the deposition as it is currently noticed.  IEL filed the same motion at docket 654.  Swift and IEL then jointly responded to Plaintiffs' motion to compel docket 663.  Plaintiffs filed a joint response to Defendants' motions at docket 671 and filed a reply to their own motion at docket 672.

Swift filed a reply at docket 678, and IEL filed a reply at docket 677.  Oral argument was requested but would not be of additional assistance to the court.

## II.  BACKGROUND

For readers needing to familiarize themselves with the case, a full recitation of facts and procedural history can be located at dockets 223 and 605.  The primary issue in the motions here is again the proper scope of discovery.

At docket 605 the court ruled that discovery on the Section 1 exemption issue is warranted.  The court stressed that determination of the Section 1 exemption issue will necessarily involve an analysis of the functional relationship between Plaintiffs and Defendants.  At docket 645 the court again stressed that discovery was not exceedingly narrow as suggested by Defendants.  It ruled that discovery could include requests for information related to Plaintiffs' working relationship with Defendants.  Specifically, the court set the scope of discovery as follows:

> Information about [Plaintiffs'] contracts, leases, contract modifications, insurance, job performance, personnel files, fuel surcharges, and work instructions, are examples of relevant information.  Information about certain actions Defendants took in relation to Plaintiffs are also relevant; for example, any violation notices issued, disciplinary actions instigated, route changes authorized, invoices and bills sent, data gathered from monitoring efforts, credit reporting or collection efforts taken, and reimbursements issued.  Other general information not specifically related to Plaintiffs is also relevant, such as standard form contracts and leases, recruitment information, materials regarding Defendants' rules or policies related to training, discipline, benefits, subcontracting, repair services, safety holds and the like are relevant.  However, to the extent Plaintiffs seek communications or documents specifically related to all other drivers not named in the lawsuit—such as disciplinary actions taken against, authorizations granted to, or agreements with other drivers—the court concludes that the relevance of such items is outweighed by the likely burden and expense of tracking down the information for all drivers, given the needs of the case and the information's marginal importance to resolving the single issue at hand.[1]

Plaintiffs subsequently issued Rule 30(b)(6) deposition notices to both Swift and IEL.[2] Swift objects to its notice, arguing that the 63 topics listed therein are too broad

[1]Doc. 645 at p. 4.

[2]The Swift deposition notice is at docket 644-1 at pp. 4-10.  The IEL deposition notice is at doc. 644-1 at pp. 14-17.

-2-

1    and seek class-wide merits and certification discovery when the only issue for

2    determination at this stage is whether the named plaintiffs had an employment contract

3    with Swift.  It acknowledges the court's past rulings but argues that the court's previous

4    orders did not contemplate such class-wide discovery.  IEL argues that its corporate

5    representatives should not be deposed at all because the employment contracts at

6    issue were with Swift and not IEL.  It also objects to the broad nature of the notice.

## III. STANDARD OF REVIEW

8        Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery: "Parties

9    may obtain discovery regarding any nonprivileged matter that is relevant to any party's

10   claim or defense."[3] Relevance for purposes of discovery is defined broadly; "[r]elevant

11   information need not be admissible at the trial if the discovery appears reasonably

12   calculated to lead to the discovery of admissible evidence."[4] The court must limit the

13   requested discovery if it is shown to be "unreasonably cumulative or duplicative;" if "the

14   party seeking the discovery has had ample opportunity to obtain the information;" or if

15   "the burden or expense of the proposed discovery outweighs its likely benefit,

16   considering the needs of the case, the amount in controversy, the parties' resources,

17   the importance of the issues at stake in the action, and the importance of the discovery

18   in resolving the issues."[5]  Additionally, Rule 26(c)(1) permits the court with good cause

19   to limit discovery in order "to protect a party or person from annoyance, embarrassment,

20   oppression, or undue burden or expense."

21       On a motion to compel, the party seeking to compel discovery has the initial

22   burden of establishing that its request satisfies the relevancy requirements of Rule

23   26(b).[6]  In turn, the party opposing discovery has the burden to demonstrate that

---

25       [3]Fed. R. Civ. P. 26(b)(1).

26       [4]Fed. R. Civ. P. 26(b)(1).

27       [5]Fed. R. Civ. P. 26(b)(2)(C).

28       [6]Fed. R. Civ. P. 26(b)(1).

1 discovery should not be allowed due to burden or cost and must explain and support its

2 objections with competent evidence.[7]

3 ## IV. DISCUSSION

4 ## A. The Swift notice

5          Swift argues that Plaintiffs' proposed Rule 30(b)(6) deposition should be

6 prohibited by the court because it encompasses such a wide range of topics that Swift

7 will have to designate more than five representatives for the deposition, causing

8 Plaintiffs to exceed their five-deposition limit.  However, the Advisory Committee notes

9 to Rule 30 state that  "[a] deposition under Rule 30(b)(6) should . . . be treated as a

10 single deposition even though more than one person may be designated to testify."[8]

11 Thus, the deposition limit set in this case does not require that the court prohibit the

12 Rule 30(b)(6) as noticed by Plaintiffs.  Also, a witness for a Rule 30(b)(6) deposition

13 does not have to have personal knowledge in order to testify on a subject.  The

14 representative is testifying on behalf of the corporate entity about what the corporate

15 entity "knows."[9]  Swift, therefore, does not have to designate the person with personal

16 knowledge as to each and every one of the topics listed but rather can pick a few

17 representatives that can then be briefed on the corporation's position and knowledge.

18          Swift also generally objects to the sweeping nature of the notice and then

19 provides a few examples of topics that it believes are too broad.  Specifically, Swift

20

21

22 [7]*See Lind v. United States,* No. 13-cv-32, 2014 WL 2930486, at * 3 (D. Ariz. June 30, 2014); *Integrated Global Concepts, Inc. v. j2 Global, Inc*., No. 5:12-cv-3434, 2014 WL 232211, at *1 (N.D. Cal. Jan. 21, 2014).

23

24 [8]Fed. R. Civ. P. 30(a) advisory committee's note to 1993 amendment.

25 [9]*See* Fed. R. Civ. P. 30(b)(6) ("The named organization must then designate one or

26 more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . . The persons designated must testify about information known or reasonably available to the organization."); *Ericsson, Inc. v. Cont'l Promotion Grp., Inc.*, No. CV03-00375,

27 2006 WL 1794750, at *4 (D. Ariz. June 27, 1006) ("a 30(b)(6) witness does not need to have personal knowledge because he testifies as to the corporation's position on a matter, not his

28 personal opinion.")

1  mentions topics 39, 40, 41, 23, 26, 46, 48, 17, 30, 42, 52, and 53.  While the court

2  concurs that the notice is very detailed and too broad in some aspects, there are topics

3  in the notice that are clearly relevant and covered by the guidance set forth in the

4  court's order at docket 645.  The parties have simply failed to engage in meaningful

5  discussion as to each individual topic in order to provide the court with a discrete set of

6  disputed issues.  Instead, the court is again left to wade through detailed requests and

7  determine relevancy, breadth, and burden of those requests for the parties.  Both

8  parties blame the other for this failure.  Each accuses the other of intentional delays and

9  a general unwillingness to work out any discovery issues without the court's assistance.

10  The court sees no need to determine which party has been delinquent in relation to the

11  meet and confer process and to what degree.  Rather, the court will again do its best to

12  keep the litigation on track and to provide guidance as to how to move forward.

13       As noted in the court's prior discovery order, "[o]ther general information not

14  specifically related to Plaintiffs is also relevant, such as standard form contracts and

15  leases, recruitment information, materials regarding Defendants' rule or policies related

16  to training, discipline, benefits, subcontracting, repair services, safety holds and the like

17  are relevant."[10]  Thus, to the extent the deposition notice indicates that it will ask a

18  corporate representative about policies, procedures, and practices that could have

19  affected Plaintiffs' working relationship with Swift, it is relevant and proper. While some

20  of the topics related to such policies, procedures, and practices have been worded

21  broadly, the court notes that these are merely topics listed for a deposition.  It would be

22  hypothetical to try and figure out what exactly the Plaintiffs can and cannot ask at such

23  a deposition.  Any objections to specific questions can be noted at deposition.

24       As argued by Defendants, however, in its prior discovery order, the court also

25  limited discovery so that the parties remained focused on the task at hand: determining

26  whether the *named Plaintiffs* had an employment relationship with Swift.  The court

27  _____

28       [10]Doc. 645 at p. 4.

1    concluded that specific information and records regarding other Swift drivers was not

2    discoverable because its marginal relevance was outweighed by the burden of

3    compiling such information given the needs of the case at this stage.  Despite this

4    court's prior guidance, Plaintiffs' deposition notice indicates that they want a corporate

5    representative to provide a variety of statistics about all employee drivers and/or

6    contract drivers.  For example, they want the percentage and number of drivers under

7    contract who obtained various insurance coverages; the percentage and number of

8    drivers under contract who leased equipment from IEL; the percentage and number of

9    drivers under contract who had employee drivers approved by Swift; the number of

10   employee drivers versus the number of contract drivers for the years 2008- 2014; and

11   the number of instances where a contract driver left to work for another carrier for each

12   of the years 2008 through 2014.[11]  While such statistical data could provide some

13   insight into the issues of control, driver investments, and how integral contract drivers

14   are to Swift's business, the court concludes that the relevance of such data is

15   nonetheless outweighed by the likely burden of compiling such information for all types

16   of drivers given the needs of the case at this stage and the information's marginal

17   importance to determining the functional relationship between the *named plaintiffs* and

18   Defendants.

19          With this guidance in mind, the court will turn to the specific topics Defendants

20   have identified as objectionable:

21   •      Topic 17: Plaintiffs ask Swift to have a representative ready to answer questions
            about the Plaintiffs' contractor agreements, including the process by which the
22          agreements were drafted and who was involved in the drafting process.
            Defendants object to the topic based on privilege and confidentiality.  While the
23          topic is broad, the agreements are clearly relevant to the inquiry here and while
            some questions may intrude on privileged matters the court cannot conclude that
24          all questioning on the topic would do so.  Any objections can be noted on record
            during the deposition.

25

26

27   _____

28          [11]Plaintiffs also ask Defendants to identify such drivers but that request clearly runs afoul
     of the court's prior discovery order.

                                                -6-

- Topics 23 and 26: These two topics request class-wide statistical data, which the court has concluded is not appropriate at this time.

- Topics 30 and 42: Plaintiffs seek "instances in which Swift has been held liable for payroll taxes or worker compensation for [contract drivers] . . . or otherwise determined by any entity to be an employer of [contract drivers]." They also want information about past claims or litigation involving Swift and its classification of drivers. The court concludes that such class-wide information is outside the scope of discovery at this stage.

- Topics 39 and 40: Plaintiffs want a Swift representative to talk about its "business purpose and activities" and its "organizational structure and divisions." While these topics are broad, they are nonetheless relevant to the named Plaintiffs' working relationship with Swift. The court fails to see why a Swift representative would not be able to discuss Swift's business. As noted above, this is simply a list of topics that Plaintiffs intend to address during a deposition. The court cannot hypothesize about what questions may or may not be relevant at this time. Swift may object to a specific line of questioning during the deposition.

- Topic 41: Plaintiffs would like someone to testify about Swift's "human resources policies and practices, including policies regarding classification of drivers as independent contractors or as employees as exempt [from] overtime." Information about Swift's practices concerning its classification of drivers is related to the named plaintiffs' relationship with the company and is therefore relevant. While questioning about policies and practices not linked to classification of drivers is likely irrelevant the court does not know what Plaintiffs specifically intend to ask. Again, Swift may object to a specific line of questioning during the deposition.

- Topic 46: Plaintiffs indicate that they plan to ask a Swift representative about its policies and practices related to a wide variety of topics such as training, leave, restrictions on truck use, signs, uniforms, fueling, insurance, and other topics related to driving. The court concludes that these topics are relevant to the functional relationship between Swift and the named Plaintiffs.

- Topic 48: Plaintiffs want to question Swift about statistical data regarding Swift's profits. The court concludes that such information exceeds the scope of acceptable discovery at this stage.

- Topic 52: Plaintiffs want a Swift representative to be prepared to testify about "[d]ocuments provided or not provided by defendant in discovery." The court agrees that this topic, as worded, "appears to cover every document in existence, ever."[12] The representative should be prepared to answer questions about documents provided through discovery.

- Topic 53: Plaintiffs also want a Swift representative to be prepared to testify about "the existence *vel non* of any other evidence relevant to the claims and defenses in this case." This is an unreasonable catch-all topic and did not need to be included in the deposition notice.

---

[12]Doc. 663 at p. 15

**B.  The IEL notice**

Plaintiffs also issued a Rule 30(b)(6) deposition notice to IEL.  Defendants argue that any deposition of an IEL representative would be irrelevant since Plaintiffs' contractor agreements are with Swift, and not IEL.  As noted by Plaintiffs, however, it is undisputed that "Swift owns IEL and IEL leases the trucks to [Swift contract drivers] who are by simultaneous contracts, required to re-lease the trucks to Swift."[13]  These simultaneous contracts and leases are relevant to this Section 1 issue.  Indeed, the court has already indicated that it must consider both the named Plaintiffs' contractor agreements and their leases with IEL.[14]

The guidance set forth by the court in relation to Swift's deposition notice is equally applicable here.  Thus, any topic about IEL equipment leases, its policies, practices, and procedures related to leased equipment, and its business structure and relationships is relevant.  However, the notice also indicates that Plaintiffs want an IEL representative to be prepared to provide a variety of class-wide statistical data regarding contract drivers and their equipment leases.[15]  As noted above, the court concludes that such class-wide information exceeds the scope of acceptable discovery at this stage.

Topics 26 and 27 in IEL's notice are the same as topics 52 and 53 in Swift's notice.  The court's resolution as to those two topics should be applied here as well.

## V.  CONCLUSION

Based on the preceding discussion, Plaintiffs' motion at docket 644 is GRANTED IN PART AND DENIED IN PART.  Defendants are directed to designate and produce

---

[13]Doc. 672 at p. 9.

[14]See doc. 223 at p. 10; doc. 605 at p. 5.

[15]For example, topic 14 asks for the "[n]umber of [contract drivers] who leased equipment from IEL in each of the years 2008-2014" and topic 15 asks for the "[percentage of, and number of [contract drivers] who exercised option to purchase under the ELA during each of the years 2008-2014."

1  corporate witnesses to testify at a deposition in accordance with the guidance provided

2  in this order.  Defendants' motions at docket 652 and 654 are denied as moot.  Given

3  that none of the motions have been granted in full, the court concludes that the

4  requested sanctions are not warranted.

5          The court recognizes that the parties will need additional time to complete the

6  rule 30(b)(6) depositions as the discovery deadline was November 11, 2015.  The

7  parties are directed to confer and provide the court with a proposed deadline for

8  completing the remaining depositions.  The proposed deadline shall be set out in a

9  stipulation to be filed within 7 days.

10         DATED this 13th day of November 2015.

11

12                                      /s/ JOHN W. SEDWICK
                          SENIOR UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28