UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe 1, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> Swift Transportation Co., Inc., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | 2:10-cv-00899 JWS <br><br> ORDER AND OPINION <br><br> [Re: Motions at Docket 646, 649] |

**I. MOTIONS PRESENTED**

At docket 646 Defendant Swift Transportation Co., Inc. ("Swift") filed a motion to compel discovery responses from Plaintiffs. Defendant Interstate Equipment Leasing ("IEL") filed the identical motion at docket 649. Defendants ask for $7,500 in attorney's fees.[1] Defendants assert that because Plaintiffs' discovery responses were six weeks late their objections have been waived and, alternatively, that their objections are unfounded. Plaintiffs filed a joint response to Defendants' motions at docket 665. Defendants' reply is at docket 674. Oral argument was requested but would not be of additional assistance to the court.

---

[1] While Swift and IEL filed separate motions, the court nonetheless presumes the Defendants are seeking a total of $7,500 in attorney's fees, and not $7,500 a piece, given that the motions are identical and they share counsel.

## II.  BACKGROUND

For readers needing to familiarize themselves with the case, a full recitation of facts and procedural history can be located at dockets 223 and 605.  At issue here is Plaintiffs' responses to Defendants' interrogatories and requests for production.

On December 31, 2014, Defendant served separate sets of interrogatories and requests for production on each named plaintiff.  Copies were sent to Plaintiffs' counsel, and, in compliance with the local rules, Defendants filed a notice of service of discovery on the docket.  Plaintiffs' responses were due February 2, 2015.  Plaintiffs failed to meet this deadline and did not ask for an extension to respond.  Six weeks after the Plaintiffs' response due date, on March 17, 2015, Defendants' counsel asked Plaintiffs counsel about the failure to respond.  Two days later, on March 19, 2015, Plaintiffs submitted their responses.  Plaintiffs did not provide any substantive responses to Defendants' eleven interrogatories but rather submitted representative, general objections to the interrogatories primarily based on the lack of relevance to the Section 1 exemption issue.  Plaintiffs also objected to 35 of Defendants' 61 requests for production. Defendants told Plaintiffs that their responses were inadequate, but after a drawn out series of discussions regarding discovery matters, Plaintiffs indicated that they would not be changing their responses.  Defendants eventually filed the motion to compel. Defendants assert that because Plaintiffs failed to respond in a timely manner, all objections have been waived and they should be required to submit substantive responses to Defendants requests.  Alternatively, they argue that their discovery requests are relevant and otherwise appropriate.

## III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(b)(1) provides for liberal discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[2]  Relevance for purposes of discovery is defined broadly; "[r]elevant

---

[2] Fed. R. Civ. P. 26(b)(1).

information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[3] The court must limit the requested discovery if it is shown to be "unreasonably cumulative or duplicative;" if "the party seeking the discovery has had ample opportunity to obtain the information;" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[4] Additionally, Rule 26(c)(1) permits the court with good cause to limit discovery in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

On a motion to compel, the party seeking to compel discovery has the initial burden of establishing that its request satisfies the relevancy requirements of Rule 26(b).[5] In turn, the party opposing discovery has the burden to demonstrate that discovery should not be allowed due to burden or cost and must explain and support its objections with competent evidence.[6]

## IV. DISCUSSION

Under the Federal Rules of Civil Procedure, a party must respond to interrogatories and requests for production within 30 days.[7] "[A] failure to object to discovery requests within the time required constitutes a waiver of any objection."[8]

---

[3] Fed. R. Civ. P. 26(b)(1).

[4] Fed. R. Civ. P. 26(b)(2)(C).

[5] Fed. R. Civ. P. 26(b)(1).

[6] *See Lind v. United States,* No. 13-cv-32, 2014 WL 2930486, at * 3 (D. Ariz. June 30, 2014); *Integrated Global Concepts, Inc. v. j2 Global, Inc.*, No. 5:12-cv-3434, 2014 WL 232211, at *1 (N.D. Cal. Jan. 21, 2014).

[7] Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).

[8] *Richard Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

1  "This is true even of an objection that the information sought is privileged."[9]  However,
2  Rule 33 provides that an untimely objection can be excused upon a showing of good
3  cause.[10]  While Rule 34 does not expressly provide for relief from waiver, courts
4  considering the issue generally agree that there is no reason to treat the two rules
5  differently.[11]

6  Courts retain a fair amount of discretion when determining whether good cause
7  exists for excusing a late objection.  Indeed, a court may excuse untimely objections
8  when the delay is not substantial.[12]  In addition to the length of delay, courts also
9  consider the reason for the delay, the presence of bad faith, prejudice to the party
10 requesting the discovery, and the harshness of imposing a waiver.[13]

11 It is undisputed that Plaintiffs' responses to Defendants' discovery requests were
12 six weeks late.  Plaintiffs provide no clear reason for the six-week delay other than that
13 there was a "inadvertent calendaring error."  Plaintiffs fail to give any details about the
14 error and why it happened.  This is not a situation where there was a delay of a few
15 days because of a miscalculation of time or a miscommunication between staff
16 members in counsel's office.  Presumably, then, it means Plaintiffs' counsel simply
17 ignored it or forgot about it.  Thus, the court concludes that the carelessness exhibited
18 here does not amount to good cause.

19 Plaintiffs cite to a few unreported district court cases in support of their argument
20 that a calendaring error can be sufficient cause to excuse untimely objections.  In these

---

[9] *David v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).

[10] Fed. R. Civ. P. 33(b)(4).

[11] See *Karr v. Napolitano*, No. C-11-02207, 2012 WL 1965855, at *5 (N.D. Cal. May 31, 2012).

[12] See *Liguori v. Hansen*, No. 2:11-cv-00492, 2012 WL 760747, at * 13 (D. Nev. Mar. 6, 2012).

[13] See *Karr*, 2012 WL 1965855, at *5; *Batts v. Cty. of Santa Clara*, No. C08-00286, 2010 WL 1027990, at *1 (Mar. 18, 2010).

cases, however, most of the delays were along the lines of a few days and not six weeks. While there is no indication that Plaintiffs acted in bad faith, the length of the delay and the failure to provide a more detailed reason makes the untimeliness inexcusable here. Moreover, upon learning of the missed deadline, Plaintiffs' counsel did not request an extension so that they could substantively respond but rather just filed representative responses which consisted primarily of general objections.

Plaintiffs argue that the court should not deem their objections waived because Defendants have not been prejudiced. While the court agrees that Defendants themselves have not been particularly diligent in moving discovery forward, the Plaintiffs' delay here has nonetheless caused some prejudice to Defendants. The lack of substantive response has certainly stalled Defendants' ability to conduct follow-up discovery in a timely manner and has prevented them from obtaining substantive information needed to be able to bring the Section 1 issue to trial. Plaintiffs also argue that Defendants have been late with their discovery responses as well and cite to an email chain between the parties in support. However, based on the emails provided, the court cannot say that Defendants' delays were similar. Defendants did not fail to respond at all but rather were engaged in discussions with Plaintiffs about deadlines related to the discovery requests and then sought a discovery extension.[14]

The court also concludes that finding a waiver here is not particularly harsh. After full consideration of the interrogatories and the requests for production, the court finds that they are primarily relevant for purposes of discovery, and they do not ask for confidential or privileged information. In addition, for the reasons set forth in

---

[14]*See* doc 665-4. Plaintiffs also assert that Defendants were technically four years late with their discovery responses, but discovery was originally served when the case was venued in New York and was later stayed when the court compelled arbitration. Later the court was instructed to resolve the exemption issue and thus discovery on that issue resumed. Given the circumstances, the court cannot say that Defendants were four years late.

1  Defendants' reply brief, the court agrees that the materials sought are not protected
2  from disclosure by the National Labor Relations Act.[15]

### V.  CONCLUSION

Based on the preceding discussion, Defendants' motions at docket 646 and 649 are GRANTED.  Pursuant to Rule 37(a)(5) and based on counsel's supporting declaration at docket 647, the court concludes that attorney's fees in the amount of $7,500 is reasonable for counsel's work on the motion.

Given that the current deadline was November 11, 2015, the court recognizes that Plaintiffs will need additional time to substantively respond to Defendants' requests and that Defendants may need more time to conduct any follow up discovery.  The parties are directed to confer and provide the court with a proposed deadline for Plaintiffs' response and any further discovery on the part of Defendants.  The proposed deadline shall be set out in a stipulation to be filed within 7 days.

DATED this 13th day of November 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE

---

[15]Doc. 674 at pp. 12-13.