UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe 1, *et al.*, | ) |
|     Plaintiffs, | ) 2:10-cv-00899 JWS |
|     vs. | ) ORDER AND OPINION |
| Swift Transportation Co., Inc., *et al.*, | ) [Re: Motion at Docket 684] |
|     Defendants. | ) |

At docket 684 Plaintiffs filed a motion for sanctions, arguing that Defendants have failed to comply with the court's order at docket 645. Defendants respond at docket 688. Plaintiffs reply at docket 695-1. Oral argument was requested but would not be of additional assistance to the court.

The court's order at docket 645 dealt with Plaintiffs' motion to compel Defendants' response to their requests for production. A list of requested documents at issue in the motion to compel was set out in Exhibit E to the motion. The list has been filed again at Exhibit D to the motion for sanctions and again in Plaintiffs' reply at docket 695-1. Defendants never specified any particular objection to one of the many categories of requested documents. Rather, Defendants' opposition to Plaintiffs' motion to compel was general in nature; they argued that they did not need to provide discovery regarding Plaintiffs' working relationship with Defendants. The court rejected Defendants' arguments, but because Defendants did not set forth any specific

objections to the requested documents, the court did not make a determination about whether Plaintiffs were entitled to every item in Exhibit E. Rather, the court provided some general guidance to the parties. Specifically, the court stated as follows:

> Information about [named-plaintiffs'] contracts, leases, contract modifications, insurance, job performance, personnel files, fuel surcharges, and work instructions, are examples of relevant information. Information about certain actions Defendants took in relation to Plaintiffs are also relevant; for example, any violation notices issued, disciplinary actions instigated, route changes authorized, invoices and bills sent, data gathered from monitoring efforts, credit reporting or collection efforts taken, and reimbursements issued. Other general information not specifically related to Plaintiffs is also relevant, such as standard form contracts and leases, recruitment information, materials regarding Defendants' rules or policies related to training, discipline, benefits, subcontracting, repair services, safety holds and the like are relevant. However, to the extent Plaintiffs seek communications or documents specifically related to all other drivers not named in the lawsuit—such as disciplinary actions taken against, authorizations granted to, or agreements with other drivers—the court concludes that the relevance of such items is outweighed by the likely burden and expense of tracking down the information for all drivers, given the needs of the case and the information's marginal importance to resolving the single issue at hand.[1]

The court then ordered Defendants to respond to Plaintiffs' requests in Exhibit E in compliance with the guidance provided. It did not set a deadline by which Defendants needed to do so.

Plaintiffs now assert that Defendants have not fully complied with the court's order and that the documents Defendants have turned over are incomplete or are otherwise unresponsive to Plaintiffs' requests. They seek either evidentiary or monetary sanctions for Defendants' lack of compliance. Defendants stress that the court did not set a specific deadline for compliance and assert that they have produced thousands of pages of responsive documents and are still producing documents as they are located.

The court has not been provided with enough information to resolve the parties' contrary positions. That is, it does not have enough information know whether the documents produced by Defendants are sufficiently responsive, as Defendants assert,

---

[1] Doc. 645 at p. 4.

or are incomplete and unresponsive, as Plaintiffs assert. Moreover, as noted by Defendants, no specific deadline was set and discovery is ongoing. Therefore, the court cannot impose the serious sanctions that are proposed by Plaintiffs.

It appears from the motion, however, that the parties find themselves at yet another discovery impasse. In order to keep the case moving forward and resolve this seemingly intractable discovery dispute, the court has closely reviewed Plaintiffs' list of allegedly outstanding discovery requests at docket 695-1 to determine whether the materials sought are relevant and, if so, whether such materials are proportional to the needs of the case. The court has reworded, reordered, and condensed Plaintiffs' list and excluded some categories of documents as duplicative, overbroad, burdensome, or otherwise disproportional to the needs of the case in an effort to simplify the requests, effectuate the court's prior guidance, and facilitate more manageable oversight of the discovery dispute.

Defendants are directed to produce the following documents on or before January 15, 2016:

1. Employment or owner-operator form contracts, including all contract modifications used within the last ten years.

2. Every employment or owner-operator contracts signed by named-plaintiffs, including all contract modifications.

3. All equipment leases signed by named-plaintiffs.

4. Documents which concern named-plaintiffs':
    a. leasing of trucks and other equipment;
    b. refinancing of trucks or other equipment;
    c. return of trucks or other equipment;
    d. repossession of trucks or other equipment.

5. Documents concerning lease defaults of named-plaintiffs.

6. Credit reports regarding named-plaintiffs.

7. Invoices and bills from Defendants to named-plaintiffs before and after contract or lease termination.

8. Defendants' instructions to named-plaintiffs as to when, where, and how to work.

9. Documents showing GPS tracking of named-plaintiffs.

10. Documents showing training given to or provided by named-plaintiffs.

11. Documents showing authorization for named-plaintiffs to drive for other carriers.

12. Documents showing each named-plaintiff's:
    a. job performance;
    b. personnel files;
    c. disciplinary actions;
    d. violations of company rules or regulations;
    e. termination or cancellation of contracts.

13. Documents showing the authorization or non-approval of named-plaintiffs' route changes.

14. Documents showing named-plaintiffs' decreases in compensation.

15. Documents showing advances in pay to named-plaintiffs.

16. Documents showing expense reimbursements to named-plaintiffs.

17. Documents showing named-plaintiffs' employment benefits.

18. Documents concerning fuel surcharges for loads driven by named-plaintiffs.

19. Documents concerning any maintenance and repair facilities required to be used by named-plaintiffs.

20. Documents concerning recruitment of persons to become owner-operators, including but not limited to:
    a. documents disseminated to employee drivers concerning owner-operator opportunities;
    b. documents disseminated to the public concerning owner-operator opportunities;
    e. recorded phone messages concerning owner-operator recruitment that run while callers are placed on hold;

21. Written statements of policies, regulations, or practices regarding an owner-operators' ability to work for other carriers.

22. Documents concerning owner-operators' ability to subcontract, including but not limited to forms used to review or approve subcontractors and form contracts used with subcontractors.

23. Written statements of policies, regulations, or practices concerning the expenses, tools, and materials for which owner-operators are required to pay.

24. Handbooks or other statements of policies, regulations, or practices with respect to employee drivers.

Any item from the list at docket 695-1 that is not included on the court's list has been determined to be duplicative, irrelevant, vague, or disproportional to the needs of the case at this point.  Defendants are further directed to provide a log to Plaintiffs on or before January 15, 2016, identifying the specific documents that have been provided in response to each category listed above.  If Defendants have already provided a document that is responsive to one of the categories listed above, they must nonetheless identify those documents in the log.  If no responsive documents exist, Defendants must indicate such in the log and provide a declaration or affidavit to that effect.

## **CONCLUSION**

Based on the preceding discussion, Plaintiffs' motion at docket 684 for sanctions is DENIED.  In an effort to facilitate completion of discovery,

IT IS ORDERED that Defendants provide the discovery materials and discovery log as more fully described above on or before January 15, 2016.

DATED this 18th day of December  2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE