# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe 1, *et al.*, | |
|     Plaintiffs, | 2:10-cv-00899 JWS |
| vs. | ORDER AND OPINION |
| Swift Transportation Co., Inc., *et al.*, | [Re: Motion at Docket 696] |
|     Defendants. | |

At docket 696 Defendants filed a motion to compel Plaintiffs' depositions. Plaintiffs respond at docket 704. Defendants reply at docket 710. Oral argument was requested but would not be of additional assistance to the court.

Defendants request that the court compel Plaintiffs Virginia Van Dusen, Joseph Sheer, Vickii Schwalm, Jose Motolinia, and Peter Wood to appear for deposition in Arizona in compliance with the notices they properly served on September 4, 2015. Plaintiffs state that they have refused to appear for deposition thus far because Defendants' have not fully cooperated in the discovery process. Specifically, Plaintiffs discuss Defendants' objections to the Rule 30(b)(6) deposition topics and Defendants' failure to produce various documents and argue that they should not be deposed until Defendants have fully complied with all discovery obligations. Plaintiffs also argue that it would be unfair to require them to attend depositions in Arizona.

After due consideration of the parties' briefings, the court concludes that Plaintiffs must comply with the deposition notices and appear for deposition in Arizona. Plaintiffs cannot ignore a discovery request as a self-imposed sanction against Defendants for perceived discovery lapses or abuses. Moreover, the court has since resolved the disputes regarding outstanding document production and the Rule 30(b)(6) notices, and therefore, the basis for Plaintiffs' objection is now moot.

Plaintiffs also argue that they should not be required to travel to Arizona for deposition. Under Rule 30, the party seeking to depose a person chooses the time and place of the deposition. Generally, it is presumed that a plaintiff will be deposed in the forum where the action is pending.[1] In order to overcome such a presumption, a plaintiff must demonstrate that traveling to the forum district is practically impossible or otherwise unfair.[2] Plaintiffs have failed to do so here. Relying only on their counsel's bare assertions, they argue that the costs of travel and missing work for the deposition would be a hardship. However, they do not provide affidavits or other documentation supporting such a hardship.

Plaintiffs argue that the purpose of a class action is to pool resources and reduce costs, and they cite cases where opt-in plaintiffs in FLSA collective actions were not required to travel for depositions. Here, however, the class action has not yet been certified, and Defendants only seek to depose the five named plaintiffs who initially brought the action.

Plaintiffs also stress that they did not choose Arizona as the venue but, rather, filed the case in New York, where it was then transferred to Arizona over their objection. However, as noted by Defendants, Arizona is a more convenient location for depositions because four of the five Plaintiffs reside in the western United States.

---

[1] *HTC Corp. v. Tech. Props.*, 2008 WL 5244905, at * 1 (N.D. Cal. Dec. 16, 2008); *Lifetouch Nat'l Sch. Studios, Inc. v. Moss-Williams*, 2011 U.S. Dist. LEXIS 119604, at * 3 (Oct. 17, 2011).

[2] *Lifetouch Nat'l Sch. Studios*, 2011 U.S. Dist. LEXIS 119604, at * 3 (Oct. 17, 2011).

**<u>CONCLUSION</u>**

Based on the preceding discussion, Defendants' motion to compel at docket 696 is GRANTED. Plaintiffs shall appear for deposition in Arizona on or before February 29, 2016.

DATED this 28th day of December 2015.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE