# EXHIBIT 1

## SETTLEMENT AGREEMENT

Whereas the Named Plaintiffs and Defendants in *Van Dusen, et al. v. Swift Transportation Co. of Arizona, LLC, et al*., United States District Court for the District of Arizona, Case No. CV 10-899-PHX-JWS (the "Action") wish to fully, finally, and forever settle that matter;

Whereas, based on the fact that Defendants have provided Class Counsel data for Settlement Class members through October 3, 2017 which show a total of 19,407 distinct driver i.d.s of drivers who entered into and worked pursuant to both an independent contractor agreement with Swift and a lease agreement with IEL, there are no more than 19,407 Settlement Class Members prior to the September 8, 2017 merger of Swift and Knight Transportation.

Whereas the Defendants have represented that there are fewer than 550 additional Settlement Class members who entered into and worked pursuant to independent contractor agreements with Swift and also entered into lease agreements with IEL after September 8, 2017 and that those individuals worked pursuant to such agreements and leases for fewer than a total of 11,000 weeks during the period September 8, 2017 and October 26, 2018; and,

Whereas the Defendants have represented that no Settlement Class Members entered into or worked pursuant to independent contractor agreements with Swift and who utilized equipment leased from IEL during the period December 22, 1999 through February 19, 2001,

NOW, therefore, in reliance upon those material representations, the following individuals and entities enter into this Settlement Agreement (the "Agreement"):

- **Virginia Van Dusen, Joseph Sheer, Jose Motolinia, Peter Wood, and Vickii Schwalm** ("Named Plaintiffs"), by and through their counsel, Dan Getman, Edward Tuddenham, and Susan Martin ("Class Counsel"); and

- **Defendants Swift Transportation Co. of Arizona, LLC ("Swift"), Interstate Equipment Leasing, Inc. ("IEL"), Chad Killebrew, and Jerry Moyes** ("Defendants"), by and through their counsel, Paul Cowie, Kevin Cloutier, and Robert Mussig of Sheppard, Mullin, Richter & Hampton LLP for Swift, IEL and Killebrew, and Ron Holland of McDermott Will and Emery for Moyes (collectively, "Defendants' Counsel").

The Named Plaintiffs and Defendants (collectively the "Parties") agree to the following binding settlement (the "Settlement") of the proposed class/collective action lawsuit entitled <u>Van Dusen, et al. v. Swift Transportation Co. of Arizona, LLC, et al.</u>,

United States District Court for the District of Arizona, Case No. CV 10-899-PHX-JWS (the "Action") as follows:

1. **Definitions**

    1.a.    **"Settlement Class Member"**: The term "Settlement Class Member" shall mean and include any and all individuals who entered into an independent contractor agreement with Swift and any affiliated entity (as defined below), and also entered into a lease agreements with IEL at any time prior to January 1, 2019 or the date on which the Court grants preliminary approval to this settlement, whichever date occurs first, regardless of whether the individual participates in the Settlement unless said individual opts-out of the Settlement as set forth herein. The Defendants estimate there are approximately 20,000 Settlement Class Members. Deceased Settlement Class Members shall have their rights hereunder handled by their estate representatives, which shall mean the court appointed representative of any deceased Settlement Class Member or, in the absence of a court appointed representative, the surviving spouse, or, in the absence of a surviving spouse, the surviving children, or in the absence of a surviving spouse or children, the surviving parents of the Settlement Member.

    1.b.    **"Participating Settlement Class Member"**: The term "Participating Settlement Class Member" shall mean and refer to any Settlement Class Member (i) who filed a consent to sue prior to execution of this Agreement, has not withdrawn their consent to sue and does not opt-out (hereafter referred to as "Opt-in Class Members") or (ii) who is not an "Opt-in Class Member" and who submits a timely Claim Form.

    1.c.    **"Settlement Class Period"**: The term "Settlement Class Period" shall mean and refer to the period of time from December 22, 1999 through the earlier of preliminary court approval of the settlement or January 1, 2019.

    1.d.    **"Pre-Merger Claims"**: shall mean and refer to claims for weeks of work performed by Settlement Class Members pursuant to both their independent contractor agreements with Swift and their leases with IEL during the period of time from December 22, 1999 through the date of the Knight-Swift merger (September 8, 2017).

1.e.    **"Post-Merger Claims"**: shall mean and refer to claims for weeks of work performed by Settlement Class Members pursuant to both their independent contractor agreements with Swift and their leases with IEL during the period of time from September 9, 2017 through the earlier of preliminary approval or January 1, 2019.

1.f.    **"Settlement Fund"**: shall mean and refer to the maximum amount of money that Defendants agree to pay for Pre-Merger Claims Awards, Service Awards, costs of Settlement Administration, and Plaintiffs' costs, expenses, and attorney's fees. The Settlement Fund shall not exceed $100,000,000.

1.g.    **"Opt-out Deadline:** shall mean 120 days after the date the original notices are mailed and shall be the same date as the Claim Form Deadline and the deadline to object to the settlement.

1.h.    **"Affiliated Entity": when used in the phrase "Swift or any affiliated entity" shall mean:** Swift Transportation Co., LLC, a Delaware limited liability company; Swift Transportation Co. of Arizona, LLC, a Delaware limited liability company; Swift Leasing Co., LLC, a Delaware limited liability company; Sparks Finance, LLC, a Delaware limited liability company; Interstate Equipment Leasing, LLC, a Delaware limited liability company; Common Market Equipment, LLC, a Delaware limited liability company; Swift Transportation Co. of Virginia, LLC, a Delaware limited liability company; Swift Transportation Services, LLC, a Delaware limited liability company; M.S. Carriers, LLC, a Delaware limited liability company; Swift Logistics, S.A. de C.V., a Mexican corporation; Trans-Mex, Inc., S.A. de C.V., a Mexican corporation; Mohave Transportation Insurance Co., Inc., an Arizona corporation; Swift Intermodal, LLC, a Delaware limited liability company; Swift International S.A. de C.V. Inc., a Mexican corporation; Estrella Distributing, LLC, a Delaware limited liability company; TMX Administración, S.A. de C.V. Inc., a Mexican corporation; Swift Receivables Company II, LLC, a Delaware limited liability company; Red Rock Risk Retention Group, Inc., an Arizona corporation; Swift Academy LLC, a Delaware limited liability company; Swift Services Holdings, Inc., a Delaware corporation; Swift Logistics, LLC, a Delaware limited liability company; Central Refrigerated Transportation, LLC, a Delaware limited liability company; Swift Refrigerated Service, LLC, a Delaware limited liability company; Central Leasing, LLC, a Delaware limited liability company; Swift Transportation Canada Inc., a Canada

3

corporation; Swift Warehousing, LLC, a Delaware limited liability company; and Swift Freight Forwarding, LLC, a Delaware limited liability company.

2.     **Settlement Fund**: Defendants agree to pay the Settlement Fund of no more than One Hundred Million Dollars and No Cents ($100,000,000). This Fund shall pay for individual settlement awards to Participating Settlement Class Members for Pre-Merger Claims, Plaintiffs' costs, expenses, and attorneys' fees associated with generating settlement payments (which shall be up to 33% of the Settlement Fund as determined by the Court), costs of Settlement Administration, and the Service Awards described in Paragraph 7 below. The Settlement Fund shall also include employer-side payroll taxes which may be due and owing as a result of this Settlement, provided that in the event that payment of any or all employer-side payroll taxes cannot be paid from the $100,000,000 Settlement Fund without reducing the "Maximum Individual Settlement Awards for Pre-Merger Claims," Defendants agree to pay such additional sums, over and above the $100,000,000 Settlement Fund, as may be necessary to ensure that all employer-side payroll taxes are paid, provided further that the employer-side taxes are reported as payments by Swift and provided further that any employer-side taxes paid out of the $100,000,000 shall not count toward the $60M minimum or the $75M blow-up amounts described in paragraph 3C below. Awards to Participating Settlement Class Members for Post-Merger Claims may also be paid out of the $100,000,000 Settlement Fund, *but only to the extent* that such payments do not reduce the Participating Settlement Class Members' "Maximum Individual Settlement Awards For Pre-Merger Claims" as defined below. In the event that payment of all Post-Merger Claim awards to Participating Class Members cannot be paid from the $100,000,000 Settlement Fund without reducing the "Maximum Individual Settlement Awards for Pre-Merger Claims," Defendants agree to pay such additional sums, over and above the $100,000,000 Settlement Fund, as may be necessary to ensure that all Post-Merger Claim awards are paid. The $100,000,000 Settlement Fund and the additional sums, if any, that Defendants pay for Post-Merger Claims are "all-in" numbers and include without limitation any and all payments Defendants may be responsible for under the Settlement, including Plaintiffs' costs, expenses, and attorneys' fees, Settlement Administration costs, and any service awards to Named Plaintiffs. This is a claims-made settlement. All Opt-in Class Members shall be deemed to have made claims in accordance herewith.

3.     **Claim Awards**

**A. Pre-Merger Claim Awards:** The individual awards for Pre-Merger Claims paid for out of the $100,000,000 Settlement Fund will be calculated based upon an 80 percent claim rate assumption, by claim value. That is, the net amount of the $100,000,000 Settlement Fund remaining after deduction for Plaintiffs' costs and, expenses, and attorneys' fees of up to 33% of the Fund, Service Awards, and costs of Settlement Administration will be allocated to Participating Settlement Class Members for Pre-

Merger Claims in such a way that if 80% of the potential value of all Pre-Merger Claims, based on claim value, is claimed, the individual settlement awards for Pre-Merger Claims, when added to the Service Awards, Settlement Administration costs, and Plaintiffs costs and expenses, attorneys' fees will equal $100,000,000. The individual settlement amounts calculated using this 80% claim rate assumption (referred to herein as the "Maximum Individual Settlement Awards for Pre-Merger Claims") will be paid to Participating Settlement Class Members if 80% or less of the Pre-Merger Claims, by claim value, are claimed. If more than 80% of the Pre-Merger Claims, by claim value, are claimed, the "Maximum Individual Settlement Awards for Pre-Merger Claims" will be reduced on a pro-rata basis to ensure that Defendants pay no more than the $100,000,000 Settlement Fund for Pre-Merger Claims, Settlement Administration costs, Service Awards, and Plaintiffs' costs, expenses and attorneys' fees (but not counting any employer-side payroll taxes). If 100% of the Pre-Merger Claims, by claim value, are claimed, Participating Settlement Class Members will receive the "Minimum Individual Settlement Awards for Pre-Merger Claims." By way of illustration only, if the Court awards a total of $34,333,333 for the Service Awards, Settlement Administration costs, and Plaintiffs costs, expenses, and attorneys' fees then the allocation of the Settlement Fund would be as set forth below:

> $100,000,000 (Settlement Fund) less $34,333,333, (Total awarded for Settlement Administration costs, Service Awards, and Plaintiffs' costs, expenses and attorney's fees), leaves $65,666,667 (Net Funds To Be Allocated For Pre-Merger Claims Assuming 80% by value claim rate).

| Claims Rate by Claim Value | Class Member Payout for Pre-Merger Claims | Gross Payout of Pre-Merger Claims including Settlement Admin. Costs, Service Awards, and Plaintiffs Fees, costs and expenses | Payment of Maximum Individual Settlement Awards for Pre-Merger Claims | Amount of $100,000,000 available to pay post-merger claims and fees |
|---|---|---|---|---|
| 20% | $16,466,667 | $50,800,000 | yes | $49,200,000 |
| 25% | $20,583,333 | $54,916,667 | yes | $45,083,333 |
| 30% | $24,700,000 | $59,033,333 | yes | $40,966,667 |
| 35% | $28,816,667 | $63,150,000 | yes | $36,850,000 |
| 40% | $32,933,333 | $67,266,667 | yes | $32,733,333 |
| 45% | $37,050,000 | $71,383,333 | yes | $28,616,667 |
| 50% | $41,166,667 | $75,500,000 | yes | $24,500,000 |
| 55% | $45,283,333 | $79,616,667 | yes | $20,383,333 |
| 60% | $49,400,000 | $83,733,333 | yes | $16,266,667 |
| 65% | $53,516,667 | $87,850,000 | yes | $12,150,000 |
| 70% | $57,633,333 | $91,966,667 | yes | $8,033,333 |
| 75% | $61,750,000 | $96,083,333 | yes | $3,916,667 |
|  |  |  |  |  |
| 80% | $65,666,667 | $100,000,000 | Pro-Rated | $0 |
| 85% | $65,666,667 | $100,000,000 | Pro-Rated | $0 |
| 90% | $65,666,667 | $100,000,000 | Pro-Rated | $0 |
| 95% | $65,666,667 | $100,000,000 | Pro-Rated | $0 |
| 100% | $65,666,667 | $100,000,000 | Minimum Pre-Merger Individual Awards | $0 |

**B. Post-Merger Claims:** The "Maximum Individual Settlement Awards for Post-Merger Claims" shall be calculated using the same formula as is used to calculate the Maximum Individual Settlement Awards for Pre-Merger claims, including the same reduction, if any, to take account of the Net Funds To Be Allocated For Pre-Merger Claims assuming more than 80% by claim value is claimed.  Thus, the percentage applied to reduce the value of the Pre-Merger Claims shall also be applied to Post-Merger Claims.  If it becomes necessary to reduce the awards for Pre-Merger Claims on a pro-rata basis as described in Paragraph 3A above, then the "Maximum Individual Settlement Awards for Post-Merger Claims" shall be similarly reduced on a pro-rata basis so that the formula for calculating the amounts due for pre- and post-merger claims remains the same. If 100% of the Pre-Merger Settlement amounts are claimed such that Participating Settlement Class Members receive Minimum Individual Settlement Awards for Pre-Merger Claims, then Participating Settlement Class Members will receive Minimum Individual Settlement Awards for Post-Merger Claims.

**C.** There is a guaranteed payout floor of Sixty Million Dollars and No Cents ($60,000,000). This floor is an "all-in" number, and includes Service Payments, Settlement Administration costs, and Plaintiff's costs, expenses and attorneys' fees, as well as the Pre-Merger Claim Awards paid to Participating Class Members (but does not include any employer- side payroll taxes). Post-Merger Claim Awards can be included in the guaranteed floor but only if and solely to the extent that the total claim rate for Pre-Merger Claims by claim value is less than 80%. If, as a result of the claim rate, this guaranteed floor is not reached, the difference between the "all in" amount actually claimed and the guaranteed floor shall be distributed first to class members who submit late claim forms after the deadline specified in ¶10c but prior to the Effective Date; and second to the Participating Settlement Class Members on a pro-rata basis. Any unclaimed amounts remaining above this guaranteed payout floor shall remain the exclusive property of Defendants. In the event the "all-in" number for Pre- and Post-Merger Claim Awards, Service Payments, Settlement Administration costs, and Plaintiffs costs, expenses, and attorneys' fees (but not any employer-side payroll taxes) exceeds Seventy-Five Million Dollars and No Cents ($75,000,000), Defendants, in their sole discretion, shall have the option of rescinding the Settlement. Defendants must exercise this right of rescission, in writing sent by email to Class Counsel within 10 calendar days after the Claims Administrator has provided the written report as required by this Agreement identifying the value of all claims made (see 6.h. and 10.f. below).  If the option to rescind is exercised, the Parties shall proceed in all respects as if no settlement had been entered into, and any fees incurred by the Settlement Administrator shall be paid by Defendants.

4. **Attorneys' Fees and Costs**: Named Plaintiffs may apply to the Court for an award of their costs, expenses, and attorneys' fees. Plaintiffs may seek fees of up to 1/3

7

of the $100,000,000 Settlement Fund as attorney's fees plus the reasonable costs and expenses incurred in litigating and settling this Action. The amounts awarded by the Court or on appeal for attorneys' fees, costs and expenses shall not affect the validity of the Settlement. Class Counsel shall assume full responsibility and liability for the payment of taxes due on such awards for attorneys' fees and costs.  The above represents the total of attorneys' fees and there will be no additional attorneys' fees for Post-Merger Claims.

5.     **Named Plaintiff Service awards**: Named Plaintiffs' may apply to the Court for a service award of up to $50,000 per Named Plaintiff (the "Named Plaintiff Service Award"). The actual amounts awarded by the Court or on appeal shall not affect the validity of the Settlement. Named Plaintiffs shall be required to execute a general release of all known and unknown claims they may have against Defendants, as well as Defendants' current and former parents, subsidiaries and related/affiliated entities/persons, in a form prepared by Defendants and approved by Class Counsel.

6.     **Claims Administration**: A mutually-agreeable vendor shall provide notice of and administer the settlement. If, within 14 days of the execution of this Agreement the Parties cannot agree on a Settlement Administrator and a notice plan designed to provide the best notice practicable to Class Members, they may submit separate proposals to the Court for resolution as part of or within the time to file a motion for preliminary approval.  The Settlement Administrator's contract shall be submitted to the Court for approval as part of the motion for preliminary approval of this Agreement. All fees and expenses related to services rendered by the Settlement Administrator shall be itemized and reported to counsel for the parties. Swift shall pay all the reasonable charges of the Settlement Administrator in accordance with the Settlement Administrator's contract and shall receive credit for those payments as part of the funding of the Total Settlement Fund Amount. The Settlement Administrator shall be equally responsible to and shall report to both sides and shall be deemed the agent of the Court. The Settlement Administrator shall perform the following duties among any others required by the Court or the Parties:

     a.  maintain and update class lists;

     b.  receive damage calculations from Class Counsel, subject to verification of the accuracy of those calculations by Swift within ten business days of receipt from Class Counsel;

     c.  effect Notice including by direct mail, and e-mail including the handling of returns, skip traces, and remailing;

     d.  create a website providing necessary information to class members;

     e.  maintain a toll-free number staffed by knowledgeable individuals to handle questions from class members;

f.   Receive and track returned notices, claims, opt-outs, and objections;

g.   Make such reports to the Parties as they request, provided that such reports are within the cost budget provided by the Settlement Administrator, including but not limited to, weekly reports identifying opt-in and opt-out Class Members, undeliverable notices, trace checks and remailings.  If a party requests an additional report not contemplated by the cost budget provided by the Settlement Administrator, the requesting party shall be responsible for any additional cost associated with that report, unless the Parties reach an agreement in writing with a different payment for the cost.

h.   Within 5 business days after the Claim Form Deadline, a specific report as described in 10.f. below identifying the value of all claims (pre- and post-merger) submitted by Participating Settlement Class Members to enable Defendants to determine whether the threshold amount to trigger Defendants' right to rescind the Agreement has been met.

i.   Presentation of a declaration describing its activities to the Court prior to the final approval hearing.

j.   Establish a Qualified Settlement fund;

k.   Receive the payments of settlement funds by Defendants; and

l.   Make all payouts as called for in this Agreement, including the calculation of tax withholding, payment of taxes owed by Participating Class Members, and reporting and transmitting the payment of taxes to tax authorities.

7.   **Participating Settlement Class Member Payout Formula**: (a) Pre-Merger Claims: After deducting Plaintiffs' costs, expenses, and attorneys' fees for generating the Settlement Fund, Settlement Administration costs, and any Service Awards to Named Plaintiffs, the balance of the $100,000,000 Settlement Fund will be distributed for Pre-Merger claims according to the attached allocation formula (Ex. 1 hereto) which assumes an 80% claim rate by claim value (subject to pro-rata reduction as described in paragraph 3A above). The allocation formula takes into account the following factors: total number of weeks Settlement Class Members provided truck driving services for Defendants pursuant to independent contractor agreements and IEL leases during the Pre-Merger Settlement Class Period, the miles they drove and the presumed number of hours they worked, the net amount of pay they received, the claims asserted on behalf of Settlement Class Members, and the relative strengths and weaknesses of the claims asserted on behalf of the Class Members, including the likelihood of obtaining class/collective certification and the likelihood of prevailing on the merits. (b) Post-Merger Claims: Post-Merger claims will be paid using the same

allocation formula applicable to Pre-Merger claims (including the same pro-rata reduction should such reduction of Pre-Merger awards become necessary).

8.      Within twenty-one days following execution of this Agreement, Defendants shall provide Class Counsel, on a confidential basis for settlement purposes only, with a complete class list including the name of the Settlement Class Member, the last 4 digits of their Social Security number, the dates they performed truck driving services for Swift, their last known address, email address and telephone number, and complete and up to date information regarding gross payments, miles driven, deduction data for all deductions from pay, rate of pay, where known, information regarding any deceased Settlement Class Members, their dates of death and the name and address of their, estate representative, spouse or next of kin. Defendants shall also provide a table with Driver ID, SSN, and full name, that will allow Class Counsel and the Settlement Administrator to link driver ID, name, Social Security Number, address for mailing out settlement check and any name changes if people get married or divorced. To the extent they become aware of additional contact information Defendants shall update this information on a bi-weekly basis up through final approval. New data supplied for individuals additional to the data previously supplied shall be in the same form that was previously provided and shall contain all column heads supplied with the earlier data (see list in Ex. 2).

9.      **Treatment of Individual Settlement Payments**: All Individual Settlement Payments, including service payments, will be allocated as follows: 15% to settlement of wage claims and 85% to settlement of claims for non-wage penalties and interest not subject to payroll withholdings. If a different allocation is required, it shall not affect the validity of the settlement. The portion allocated to wages shall be reported on an IRS Form W-2 with applicable withholdings and the portions allocated to interest and penalties shall be reported on an IRS Form 1099. Required income tax withholding on the wage portion of a Participating Settlement Class Member's settlement award shall be calculated by the Settlement Administrator based on W-4 forms included with the notice packet to be provided to the class members as part of their claim forms. Any Participating Settlement Class Member who does not return a W-4 shall have withholding taxes on the wage portion of his net settlement calculated at the single no dependent rate. Plaintiffs and Participating Settlement Class Members shall assume full responsibility and liability for the payment of their taxes due on such settlement payments. Neither Participating Settlement Class Members nor their counsel shall bear any responsibility in connection with employer taxes owed on the settlement awards. No tax advice is being given to any party or to the Settlement Class Members.

10.     **Process for Approval of Settlement**:

10.a.   **Preliminary Approval and Class Certification**

Within 30 days after signing this Agreement, unless otherwise agreed to by the Parties, the Parties will jointly move the Court for preliminary approval of the Settlement including certification of the settlement class for settlement purposes only. The Preliminary Approval Motion shall be drafted by Class Counsel, and submitted to Defendants no less than 7 days prior to the filing deadline and shall request the District Court to approve the notice and change of information form, set a date and time for a Preliminary Approval Hearing as soon as the Court's calendar permits and a Final Fairness Hearing 21 days after the "opt-out deadline" or as soon thereafter as possible. Both sides may separately brief their proposed *cy pres* recipient if no agreement as to that recipient is reached.

10.b.   If 5% percent or more of the Settlement Class Members elect to opt-out of the Settlement, Defendants may, at their sole discretion, rescind the Settlement and all actions taken in its furtherance will be null and void. Within 48 hours following close of the opt-out period the Settlement Administrator shall advise the Parties of the total number of opt-outs and the percentage of opt-outs of the total number of Settlement Class Members to whom notices were mailed. Defendants must exercise this right of rescission, in writing sent by email to Class Counsel and filed with the Court within 10 calendar days after the opt-out period expires. If the option to rescind is exercised, the Parties shall proceed in all respects as if no settlement had been entered into. Any fees incurred by the Settlement Administrator shall be paid by Defendants.

10.c.   All Opt-in Class Members who do not opt out by the close of the opt out period shall automatically be deemed to have submitted timely claims. A list of Opt-in Class Members shall be provided to the Settlement Administrator and Defendants by Class Counsel within 30 days of execution of this Agreement. With the exception of such Opt-in Class Members, to participate in the settlement, a Settlement Class Member must submit a timely Claim Form, which shall be mailed to them by the Settlement Administrator as part of the Notice Packet and which shall identify the Settlement Class Member's estimated Individual Settlement Payment. The Settlement Class Member shall have 120 calendar days to submit the Claim Form after the Notice Packet is mailed (the "Claim Form Deadline"). The postmark date (or receipt date of forms submitted by electronic means) shall solely determine whether the Claim Form was

11

submitted by the Claim Form Deadline. Claim forms postmarked or electronically received after the Claim Form Deadline but at least one week prior to the final fairness hearing shall not be rejected provided however that if any claim forms received after the original 120-day deadline cause payments due hereunder to exceed $75,000,000, Defendants shall be entitled to exercise the right to rescind the settlement not less than 48 hours prior to the final fairness hearing. Minor clerical errors or incomplete forms shall not affect the validity of the claims if reasonable efforts enable the Settlement Class Member to provide the missing information or cure any deficiency prior to the Effective Date.

Defendants shall also be entitled to exercise a right to exclude Post-Merger Claims from the Settlement in the event the value of the Post-Merger Claims exceeds $3,500,000, provided that if Defendants exercise the right to exclude Post-Merger Claims, no release will be given for those claims. The same provisions for notice and timing that exist for rescinding the Pre-Merger settlement shall apply to rescinding the Post-Merger Claims, but in the event Defendants exercise this right to exclude the Post-Merger Claims, the exercise of that right shall not affect the remainder of this Agreement and shall in no way impact the settlement of the Pre-Merger Claims.

10.d.   To object to the Settlement, a Settlement Class Member must send his/her written objection to the Settlement Administrator, who then shall distribute the objection immediately upon receipt to all Parties. The Settlement Class Member shall have 120 calendar days after notice of the Settlement is first mailed as part of the Notice Packet to submit the objection. The postmark date or date of receipt of an electronic objection shall solely determine whether the objection was submitted by the objection deadline as set forth herein.

10.e.   To opt-out of the Settlement, a Settlement Class Member must submit a written opt out request to the Settlement Administrator not later than 120 calendar days after notice of the Settlement is first mailed as part of the Notice Packet The postmark date or date or receipt of an electronic opt-out request shall solely determine whether the opt-out was submitted by the opt-out deadline.  Class Counsel will inform Class Members that they believe the settlement is fair and that they have recommended that the Court approve the settlement. Defendants and their counsel shall not in any way,

express or implied, direct or indirect, solicit, encourage, or advise any Settlement Class Member to opt-out of the Settlement.

10.f.   Within five (5) business days after the close of the opt-out period, the Settlement Administrator shall provide to Defendants the total all-in amount necessary to fund the Settlement, including Service Payments, Plaintiffs' proposed costs, expenses and attorneys' fees, costs of Settlement Administration and the Pre-Merger and Post-Merger Claim Awards to be paid to Participating Class Members, (including any employer's side payroll taxes separately itemized) (the "Total Settlement Fund Amount").

10.g.   Class Counsel shall file a motion for final approval of the Settlement and any requests for service awards and Class Counsel's costs, expenses and attorneys' fees in accordance with the deadlines set forth in the order granting preliminary approval of the Settlement.

10.h.   If the Court does not grant final approval of the Settlement, or if the Court's final approval of the Settlement is reversed or materially modified on appeal, then this Settlement will become null and void. Changes to the amount of the attorneys' cap fees or service awards including on appeal, will not affect the validity of the Settlement Agreement.

11.   **Notice Procedure**: Each Settlement Class Member will be fully advised of the Settlement. The Settlement Administrator will make Individual Settlement Payments, as calculated by Class Counsel according to the method set forth in Paragraphs 6 and 7.

11.a.   **Settlement Administrator**: The Parties agree that the Settlement Administrator shall have the authority to mail and email the Class Notice and to carry out the notice plan; create and administer the settlement proceeds; recommend resolution of disputed claim amounts and disburse sums from the settlement fund to Participating Settlement Class Members (or their estate representative(s)) and to Class Counsel. The Parties working with the Settlement Administrator will establish procedures for Settlement Class Members to make inquiries and obtain additional information from the Settlement Administrator to the maximum extent possible and from class counsel.

11.b.   **Notice Packet**: Attached to the Motion for Preliminary Approval shall be a proposed Notice of Proposed Class Action Settlement ("Notice") which will be submitted to the Court for approval. The

13

Notice will identify the Settlement Administrator and shall be written simply, in plain English, without Social Security Numbers or verification requirements. A template of the Notice shall be prepared in Spanish and, upon request, a completed Notice translated into Spanish will be immediately sent. The Notice will include, without limitation, information regarding the nature of the Action; a summary of the substance of the Settlement, including a summary description of the formula used to calculate the Individual Settlement Payments, the attorneys' fees, costs and individual service awards being requested, the Settlement Class definition; a Claim Form identifying the work dates the Class Member's award is based upon, the Class Member's Estimated Minimum Individual Settlement Award, a statement that that amount is an estimate and may be somewhat lower and a statement that the Settlement Award may be higher if 80% or less (by claim value) of the available funds are claimed; a W-4 form; an opt-out and objection procedure; a change of information form to be completed in case of change of address or death of the Settlement Class Member; and the date for the final approval hearing. The notice shall contain a prominent statement of non-retaliation. It shall contain Class Counsel's contact information including website and shall indicate procedures by which Settlement Class Members with questions can obtain answers.  In the event that the Parties cannot agree on a form of notice, the Parties may submit their respective versions to the Court along with the motion for preliminary approval. The Court shall be requested to approve the appropriate form and contents of the notice.

**Disputes as to Calculations**: Defendants' records and data are assumed to be accurate.  However, a Settlement Class Member may, within 60 days of the issuance of notice, produce additional evidence as to weekly work hours to the Settlement Administrator and/or Class Counsel.  Within one week of receipt of the evidence, the Settlement Administrator shall inform Class and Defense Counsel of any such additional evidence it receives, and Class Counsel shall notify and provide to Defense Counsel any evidence they receive directly from Settlement Class members within the same time period.  Class Counsel will evaluate the evidence (with the cooperation of Defense Counsel) and shall determine whether, and to what extent, to incorporate the additional information in the calculation of such individual's claims, (which incorporation may be based on estimates and averages).  Class Counsel will notify Defense counsel of Class Counsel's determination.  All such determinations

14

must be made within 14 days of receipt of any additional evidence. If the Parties cannot reach agreement on the appropriate adjustment, if any, to the individual's award, Defense Counsel may, within 14 days of receipt of Class Counsel's determination, file a motion to have the Court review and determine the appropriate adjustment to the calculation, if any.  In making such determination, there shall be no presumption that Class Counsel's determination is correct.  In the event that, prior to or during the claim period, it becomes apparent that the work records and data provided by Defendants or the representations set forth in the Whereas clauses of this Agreement were materially inaccurate (more than 2%), Plaintiffs reserve the right to rescind this Agreement.

Defendants shall also have the ability to dispute any individual, collective or total settlement award calculation to a Participating Class Member individually or as a group, regardless of whether the award is based on Defendants' records and data or whether it is based on a determination made by Class Counsel.  While the Parties agree as to the methodology to be used, because it involves a complex calculation, Defendants may challenge any or all award calculations to ensure that the correct amounts are awarded to Participating Class Members in accordance with the formula and intent of this Agreement.   Section 3.A. above includes a table showing the payout totals based upon the claims rate by claims value.  If Defendants (or any one Defendant) dispute the amount of an award or awards to Participating Class Members, Defendants shall submit to the Settlement Administrator and to Class Counsel a description of the dispute.  If the Parties are unable to resolve the dispute it shall be resolved by the Court. on noticed motion pursuant to the procedure set forth in the paragraph immediately above.  Any party may request oral argument.  No payment shall be made to a Participating Class Member until the Court resolves the dispute.  Notwithstanding the foregoing, the existence of an unresolved dispute under  this paragraph or the preceding paragraph shall in no event delay any of the Court proceedings or the deadlines herein with the sole exception that if the determination of an unresolved dispute as set forth in this paragraph or the preceding paragraph could trigger a right to rescind this Agreement or exclude the Post-Merger Claims, Defendants shall be accorded 10 calendar days following such determination to exercise such right.

11.c.  **Provision of Settlement Class Member Names and Other Information to Settlement Administrator**: Within 10 business

15

days after Preliminary Approval of the Settlement, Defendants shall provide to the Settlement Administrator and to Class Counsel the information necessary for the Settlement Administrator to comply with its obligations under this Agreement (collectively "Settlement Class List and Data").

11.d.  **Notice Plan:**  Within 21 days after receipt of the Settlement Class List and Data, or as soon thereafter as possible, the Settlement Administrator shall mail the Notice Packet to the Settlement Class Members via first-class regular U.S. Mail and shall also send the notice via email to all Settlement Class Members for whom the Defendants, Class Counsel, or the Settlement Administrator have email addresses.   The Settlement Administrator shall prepare documentation showing the allocation to each individual Settlement Class Member and provide it to Defendants and Class Counsel at least 14 business days prior to the mailing of the notices.  Prior to mailing of the notice Defendants shall have 7 business days from receipt to review the individual allocations to the Settlement Class Members and to object to the individual allocations if the allocations do not match Defendants' records and/or if the individual allocations for Pre-Merger Claims plus costs and expenses, attorneys' fees and costs of Settlement Administration do not add up to $100,000,000, as intended and shown in the chart in this Agreement. If the parties are not able to resolve the objection, the mailing of the Notice Packet will be postponed pending resolution by the Court provided that within 14 days from receipt of the individual allocations from Class Counsel, Defendants file a motion to have the Court resolve the dispute. The Settlement Administrator will notify Counsel as soon as the Notices have been mailed and shall keep Counsel advised of Notices and emails that are invalid and/or have been returned. In the event an email address for a Settlement Class Member who is currently driving for Defendants is invalid or in the event there is no email address for a Settlement Class Member that is currently driving for Defendants, the Settlement Administrator shall promptly so advise the parties via email. In that event, within three business days of receipt of the Settlement Administrator's email, Defendants shall send an individualized Qualcomm notice to such Settlement Class Member on three consecutive days advising the Settlement Class Member that the company has entered into a settlement that may entitle the Settlement Class Member to a monetary award and advising the Settlement Class Member to contact the Claims Administrator and providing the Claim's Administrator's contact information.   The Settlement Administrator will also arrange a

16

website with necessary Settlement information and a toll-free number with pre-recorded frequently asked questions regarding the settlement, which shall be provided to the Parties at least 10 days prior to filing of the preliminary approval motion and, if either party disagrees with the language, the dispute shall be submitted to the Court for resolution as part of the preliminary approval motion. The toll-free number shall be staffed by knowledgeable individuals able to handle questions from class members not answered by the pre-recorded message. With respect to mailed and emailed Notices that are returned, the Settlement Administrator shall perform such further traces as are reasonably available to locate the address of any individual whose notice packet is returned as undeliverable. Notice shall be re-mailed (or re-emailed) to all addresses reasonably (as determined by the Administrator) identified by such traces.

If after preliminary approval and issuance of notice of the settlement, the Effective Date does not occur, or the settlement is rescinded by any party, the Settlement Administrator shall send a notice to all Settlement Class Members (other than those who have opted out) informing them of the voiding of the Settlement and informing Settlement Class Members who filed claim forms that their claims forms shall be treated as FLSA consent to sue forms in the *Van Dusen* litigation unless the Class Member chooses to withdraw the claim form.

11.e. **Settlement Class List and Data Confirmation Checks**: Prior to mailing the Notice, the Settlement Administrator will perform a search based on the National Change of Address Database information and reasonably available third-party address databases to update and correct addresses on the Settlement Class List and Data.

11.f. **Expiration of Settlement Checks**: Any checks issued by the Settlement Administrator to Settlement Class Members shall be negotiable for 180 days from issuance, but if the Settlement Class Member requests reissuance of his check within one year of the date checks were originally mailed, the check will be reissued. Any expired checks that are not reissued after one year ("uncashed checks") shall be distributed to a mutually-agreeable *cy pres* recipient, and will be handled by the Settlement Administrator.

**12.** **Effective Date**: The "Effective Date" will be the last to occur of the following: (a) if there are no objections to the settlement, then the date of entry of

judgment by the Court; (b) if there are objections to the settlement, and if an appeal, review or writ is not sought from the order granting final approval of the settlement, then upon the expiration date of the time for the filing or noticing of any appeal from, or other challenge to, the judgment; or (c) if an appeal, review or writ is sought from the judgment, 30 days after the judgment is affirmed or the appeal, review or writ is dismissed or denied, and the judgment is no longer subject to further judicial review. Prior to the Effective Date of the Settlement, Defendants will not be required to fund the Settlement, in whole or in part, through the Settlement Administrator or any third party, except to pay the costs of the Settlement Administrator pursuant to ¶6 above. If Class Counsel were to appeal a ruling with respect to fees or costs, such appeal shall not affect the Effective Date and the Administrator shall reserve such funds sufficient to cover the dispute. Any subsequent distribution shall be at Class Counsel's expense. Except for appeals filed by Class Counsel regarding attorneys' fees or costs, in the event of an appeal, the Total Settlement Fund Amount shall be increased by an amount equivalent to the post- judgment interest rate from the date that is 30 days following entry of judgment by the District Court and, if the judgment is affirmed, such interest  shall be deemed to continue to accrue until the Total Settlement Amount is placed in a Qualified Settlement Fund.

**13.     Effect of Rescinding or No Effective Date:** In the event this Settlement is rescinded or there is no Effective Date, the Parties shall be reinstated to their positions as they existed prior to the signing of this Settlement Agreement and any orders or judgments related to the Settlement shall be deemed vacated, except that the claim forms filed by Settlement Class Members shall be deemed to be FLSA consent to sue forms in the  Action *Van Dusen et al. v. Swift Transportation Co. of Arizona, LLC, et al.,* Case No. CV 10-899-PHX-JWS and this Action shall continue in effect as if this settlement had never been reached.

**14.     Funding/Timing of Distribution**

a. No later than 14 business days after the Settlement Effective Date, Defendants will place the Total Settlement Fund Amount into a Qualified Settlement Fund established by the Settlement Administrator to fund the settlement and the Settlement Administrator shall provide notice and confirmation that the funds have been transferred. As provided in paragraph 6, the monies previously paid by Defendants to the Settlement Administrator will be credited as funds contributed to the Qualified Settlement Fund.

b. Within 10 days after payment of the Total Settlement Fund Amount into a Qualified Settlement Fund, or as soon thereafter as possible, the payment of all claims, taxes owed by employees, attorneys' fees, attorneys' expenses, and Service Awards shall be made by the Settlement Administrator.

15.    **Release of Claims**: The Parties agree that it is their intent that upon funding of the Qualified Settlement Fund Settlement, Class Members (other than those who opt-out of the settlement) will release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Settlement Class Members (including participation to any extent in any further class or collective action), to obtain a recovery for work performed pursuant to both an independent contractor agreement entered into with Swift or any affiliated entity and utilizing equipment leased from IEL based on and related to, arising out of, or arising in connection with each and all of the allegations in the operative complaint in the Action, including without limitation any and all claims arising from alleged misclassification, whether factual or legal, for harms arising during the Settlement Class Period, (except in the event that Defendants exercise their option in ¶10(c) to rescind the Settlement with respect to Post Merger Claims, no claims arising during the post -merger time period shall be released).  The release includes but is not limited to the Action.

15.a.   **Identity of Released Parties.** The Settlement Class Members, other than those who file Exclusion ("opt-out") Forms, will fully and finally release, defend and hold harmless, Defendants and each of its/their former and present direct and/or indirect owners, dba's, affiliates, parents, subsidiaries, brother and sister corporations, divisions, related companies, successors and predecessors, and current and former employees, attorneys, officers, directors, employees, shareholders, owners, trustees, attorneys, fiduciaries, beneficiaries, subrogees, executors, partners, privies, agents, servants, insurers, representatives, administrators, employee benefit plans, and assigns of said entities (collectively "Releasees").

15.b.   **Claims Released by Settlement Class Members.** As of the Effective Date, and upon payment of the Total Settlement Fund Amount, and except as to such rights or claims as may be created by this Agreement, each and every Settlement Class Member, on behalf of himself or herself and his or her heirs and assigns, unless he or she has properly elected to opt out of the class, hereby releases Releasees from the following claims ("Released Claims") for the entire Settlement Class Period:

15.b.i.   Any and all claims reasonably related to, arising out of, or arising in connection with the claims in the Action related to work pursuant to independent contractor agreements with Swift or any affiliated entity and leases with IEL, including without limitation state and federal wage and hour claims (including without limitation all such claims under the Fair Labor Standards Act, 29 U.S.C, § 201, *et seq.*, federal

common law, and New York, California and Arizona state law, including without limitation New York Labor Law Articles 6 and 19 and their implementing regulations, and California Labor Code sections 201-204, 210, 221, 226, 226.2, 226.7, 510, 512, 558, 1182.12, 1194, 1194.2, 1197, 1198, 1199, 2698, et seq., and 2800, and 2802, and any applicable Wage Order(s)) for unpaid wages (including without limitation minimum, regular and overtime wages), unreimbursed business expenses and/or unlawful deductions, breach of contract claims under state or federal law, restitution and/or unjust enrichment claims or any claims involving alleged unconscionability; claims for unfair competition under California Business & Professions Code sections 17200, *et seq.*, and any claim(s) for or involving allegations of "forced labor"; as well as any claims for interest, penalties, liquidated damages and/or attorneys' fees and costs related thereto; and

15.b.ii.  Any and all claims related to work performed pursuant to an independent contractor agreement with Swift or any affiliated entity and a lease with IEL that were or could have been asserted based on the facts pled in the operative complaint in the Action including without limitation for any purported violation of any local, state, or federal wage and hour laws, regulations, and/or ordinances, including such laws, regulations, and/or ordinances related to the non-payment of wages, minimum wages, overtime wages, or any other wage-related or recordkeeping-related claims; liquidated damages; attorneys' fees, costs and expenses; pre- and post-judgment interest; or damages or relief of any kind, including without limitation any and all claims arising from, arising out of, or arising in connection with the allegation that the Settlement Class Members were misclassified and/or not properly compensated and/or reimbursed by Defendants under state or federal law, at any time during the Settlement Class Period.

15.b.iii.  Nothing herein shall release claims against the Released Parties arising out of work performed in a capacity other than pursuant to both an independent contractor agreement with Swift Transportation or any affiliated entity and a lease with IEL. Nor shall anything herein release claims arising out of work performed as an employee or independent contractor for Knight Transportation, or Knight Transportation's leasing

20

arm. Nor shall this release operate to release any other claims being litigated.

15.b.iv.  Upon the funding of the Qualified Settlement Fund, Defendants shall be deemed to have released all Settlement Class Members who do not opt-out of this settlement from any and all claims known or unknown, contingent or accrued, that are based on, arise out of, or relate in any way to an independent contractor agreement with Swift Transportation and/or an equipment lease with IEL or any services provided under such contractor agreement or lease during the Settlement Class Period, and provided that this release does not apply to any claims arising under active independent contractor agreement with Swift Transportation and/or an equipment lease with IEL after the end of the class period.

15.b.v.  Defendants shall not retaliate against any individual who participates in this settlement or who excludes themselves from this settlement.

15.b.vi.  If requested by letter to HireRight from a Participating Class Member that records of a Swift Transportation or IEL lease default be corrected, Defendants agree to provide a timely letter to HireRight with a copy to Claimant that defaults under a Swift independent contractor agreement or IEL lease have been rescinded by mutual agreement.

15.b.vii.  Defendants shall give no new or additional negative references to HireRight relating to any Settlement Class Member for actions during the Settlement Class Period.

16.  **Confidentiality**:

a. Except for disclosures that are required by law (including any applicable securities or accounting laws, regulations or rules), or that are necessary to prepare the motion for preliminary approval, to enforce this Agreement, or for Class Counsel to defend themselves in any third party action, the terms of this Agreement shall remain confidential until they are presented to the Court in connection with the motion for preliminary approval.

b. As part of the motion for preliminary approval, Defendants may request that the Court continue to treat this Agreement as confidential until such time as the Court grants preliminary approval to the Settlement but not thereafter. If that request is

made, the Named Plaintiffs and Class Counsel shall strictly maintain the confidentiality of this Agreement pending a determination on the motion for confidentiality and/or preliminary approval. If such a motion is granted, the Named Plaintiffs and Class Counsel shall maintain the confidentiality of this Agreement until such time as an Order granting Preliminary Approval of the Settlement is entered, at which point this Agreement shall no longer be considered confidential. Class Counsel, Named Plaintiffs, and Settlement Class Members shall take no position on a motion to keep this Agreement confidential pending Preliminary Approval of the Settlement. In no event shall approval of confidential treatment by the Court be a condition to the effectiveness of this Agreement. If Defendants choose to move to seal the Agreement and related proceedings pending Preliminary Approval, then Defendants shall be responsible for filing the motion for preliminary approval and any accompanying or subsequent papers in the Court under seal.

c. Defendants and Class Counsel shall be permitted to disclose the settlement in order to comply with any state or federal law.

d. Nothing in this section shall limit Defendants from communicating with their counsel regarding this Agreement, or shall limit Named Plaintiffs and the Settlement Class Members from communicating with Class Counsel regarding this Agreement or receiving a copy thereof.

e. Except with respect to information relating to Opt-in Settlement Class Members and Settlement Class Members who have filed claim forms, any information provided by Defendants to the Administrator or Class Counsel pursuant to this Agreement shall be treated as confidential by the Administrator and Class Counsel except as necessary to fulfill their duties with respect to this Agreement. If this Settlement is not approved or voided or for any reason there can be no Effective Date, any of the above-referenced confidential information provided by Defendants to the Administrator and/or Class Counsel shall no longer be used by them for any purpose, other than enforcing this Agreement.

f. Whether or not the Settlement is finally approved, neither this Agreement, nor any of its terms, nor any document, statement, proceeding or conduct related to this Agreement, the motions for preliminary and final approval of the settlement and any documents submitted in support of such motions, nor any reports or accounts thereof, shall in any event be disclosed, referred to or offered or received in evidence against any of the Parties, in any further proceeding in this Action, or any other civil, criminal, or administrative action or proceeding (including arbitrations) except for purposes of settling the Action, enforcing this Agreement, or enforcing the Released Claims contained herein pursuant to the terms of this Agreement, and except as otherwise provided herein.

g. Nothing in this section shall be construed as a restraint on the right of any counsel to practice or a limitation on the rights that any Settlement Class Member may have under any applicable federal, state or local law to separately obtain documents or information from Defendants. Furthermore, Defendants shall make any such confidential information available to Class Counsel for the purpose of defending themselves against any legal malpractice lawsuit(s) related to the Action. Defendants shall maintain a copy of all confidential information provided to Class Counsel in connection with this settlement for a minimum of seven (7) years

h. This section does not apply to any Court-approved notice of the Settlement and nothing in this section shall be construed as prohibiting the Parties or their counsel from responding to an inquiry from Settlement Class Members regarding the Notice or Settlement, any inquiry issued under Court-order, subpoena, or other request issued under the law or any necessary disclosures regarding this Settlement as required by law.

i. Named Plaintiffs shall be permitted to disclose this Agreement and any specifics about their rights hereunder to their spouse, tax advisors, accountants, attorneys, religious or spiritual advisors, or to any individual to whom they are required to disclose by law—however, such disclosure shall also explain that the disclosed information is confidential and may not be repeated to any other individual.  If any Court determines that this sub-paragraph cannot be approved as fair and reasonable, such a determination shall not bar the effectiveness of the remaining terms of this Agreement.

17.     **Fair, Adequate and Reasonable Settlement**: The Parties agree that the Settlement is fair and reasonable and will so represent to the Court.

18.     **Waiver of Appeals**: With the exception of reserving the right to appeal the amount of any Service Award and/or the attorneys' fees and costs award, the Parties agree to waive appeals.

19.     **Class Certification for Settlement Purposes Only**: The Parties agree that the motion for preliminary approval seeking, *inter alia*, certification of a class is for purposes of the Settlement only. If, for any reason, the Settlement is not approved, the stipulation to certification will have no force or effect. The Parties further agree that certification for purposes of the Settlement is in no way an admission that class certification is proper under the standard applied to contested certification motions and that this Settlement will not be admissible in this or any other proceeding as evidence that (i) a class should be certified in any manner or (ii) Defendants are liable to Plaintiffs or the Class in any manner whatsoever.

20.     **No Admission**. The Parties agree that this Agreement reflects their good faith compromise of the claims raised in this Action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel. There is no admission of liability on the part of Defendants.

21.     **Binding Agreement**: The Parties intend that this Agreement shall be fully enforceable and binding upon all Parties, and that it shall be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding the mediation confidentiality provisions that otherwise might apply under federal or state law.

22.     **Stay**. Upon execution of this Agreement, the Parties agree to a stay of all proceedings as they pursue settlement of this matter until the final agreement is finally approved, or nullified. In addition, following execution of this Agreement and pending final approval of the Settlement, in the event the 9th Circuit reschedules oral argument on Defendant's appeal of the District Court's order denying Defendants' motion to compel arbitration, the Parties agree to prepare and file a joint request for continuance.

23.     **Continuing Jurisdiction of the Court**.  The Parties agree that the Court shall retain jurisdiction over the Parties, and over this Agreement, for all purposes, including but not limited to: (i) monitor and enforce compliance with this Agreement, Final Approval and/or any related order of this Court; and/or (ii) resolve any disputes over this Agreement or the administration of the benefits of this Agreement, including disputes over entitlement to payments sought by Class Counsel.  The Court shall retain jurisdiction regardless of dismissal.

24.     **Disputes and Modifications:** The Parties reserve the right to modify or add terms to this Agreement by mutual agreement through the date the Settlement is submitted for preliminary approval. Should any disputes arise regarding the interpretation or implementation of this Agreement, or the Notice Packet, the Parties will attempt in good faith to resolve their disputes. Any such dispute that cannot be resolved among the Parties within two weeks may be submitted by either party to the district court for binding resolution based on the intended meaning of this Agreement or due process. The rulings of the district court with respect to any such disputes shall be final and unappealable.

25.     **Retention of Jurisdiction:** The District Court shall retain jurisdiction to enforce this Agreement for all purposes, notwithstanding any dismissal or entry of final judgment.

26.     **Authority to Settle:** Each of the Parties represents and warrants that it is competent to enter into this Settlement Agreement and has the full right, power and authority to enter into and perform the obligations set forth herein.

27.  **Cooperation Among the Parties**. The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.  Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion. Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.

Dated: _2/6_, 2019   _____

Virginia Van Dusen/ Plaintiff and Class Representative

Dated: _____, 2019   _____

Joseph Sheer/ Plaintiff and Class Representative

Dated: _____, 2019   _____

Jose Motolinia/ Plaintiff and Class Representative

Dated: _____, 2019   _____

Peter Wood/ Plaintiff and Class Representative

Dated: _____, 2019   _____

Vickii Schwalm/ Plaintiff and Class Representative

Dated: _____, 2019   _____

Swift Transportation Co. of Arizona, LLC/ Defendant

By: _____

25

27.   **Cooperation Among the Parties.** The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.   Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion. Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.

Dated: _____, 2019      _____
                           Virginia Van Dusen/ Plaintiff and Class Representative

Dated: 02/06, 2019         _____
                           Joseph Sheer/ Plaintiff and Class Representative

Dated: _____, 2019      _____
                           Jose Motolinia/ Plaintiff and Class Representative

Dated: _____, 2019      _____
                           Peter Wood/ Plaintiff and Class Representative

Dated: _____, 2019      _____
                           Vickii Schwalm/ Plaintiff and Class Representative

Dated: _____, 2019      _____
                           Swift Transportation Co. of Arizona, LLC/ Defendant

                           By: _____

25

27.    **Cooperation Among the Parties**. The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.    Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion. Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.

Dated: _____, 2019    _____
Virginia Van Dusen/ Plaintiff and Class Representative

Dated: _____, 2019    _____
Joseph Sheer/ Plaintiff and Class Representative

Dated: _02- 05_, 2019    _____
Jose Motolinia/ Plaintiff and Class Representative

Dated: _____, 2019    _____
Peter Wood/ Plaintiff and Class Representative

Dated: _____, 2019    _____
Vickii Schwalm/ Plaintiff and Class Representative

Dated: _____, 2019    _____
Swift Transportation Co. of Arizona, LLC/ Defendant

By: _____

25

27.   **Cooperation Among the Parties**. The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.   Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion. Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.

Dated: _____, 2019   _____
                        Virginia Van Dusen/ Plaintiff and Class Representative

Dated: _____, 2019   _____
                        Joseph Sheer/ Plaintiff and Class Representative

Dated: _____, 2019   _____
                        Jose Motolinia/ Plaintiff and Class Representative

Dated: _____, 2019   _____
                        Peter Wood/ Plaintiff and Class Representative

Dated: _Feb 1_, 2019    _____
                        Vickii Schwalm/ Plaintiff and Class Representative

Dated: _____, 2019   _____
                        Swift Transportation Co. of Arizona, LLC/ Defendant

                        By: _____

25

27.     **Cooperation Among the Parties**. The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.     Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion. Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.


Dated: _____, 2019      _____

                            Virginia Van Dusen/ Plaintiff and Class Representative


Dated: _____, 2019      _____

                            Joseph Sheer/ Plaintiff and Class Representative


Dated: _____, 2019      _____

                            Jose Motolinia/ Plaintiff and Class Representative


Dated: __02/07__, 2019      _____

                            Peter Wood/ Plaintiff and Class Representative


Dated: _____, 2019      _____

                            Vickii Schwalm/ Plaintiff and Class Representative


Dated: _____, 2019      _____

                            Swift Transportation Co. of Arizona, LLC/ Defendant


                            By: _____

Its: _____

Dated: _____, 2019          _____
                              Interstate Equipment Leasing, Inc./ Defendant

                              By: _____

                              Its: _____

Dated: _____, 2019          _____
                              Chad Killebrew/ Defendant

Dated: _____, 2019          _____
                              Jerry Moyes/ Defendant

27.     **Cooperation Among the Parties**. The Parties will cooperate fully with each other and will use their best efforts to obtain, and will not engage in any conduct to prevent, District Court approval of this Agreement and all of its terms. The Parties will cooperate fully with each other and will use their best efforts to implement this Agreement thereafter. Each of the Parties, upon the request of the other Party hereto, agrees to perform such further acts and to execute and deliver such other documents and data as are reasonably necessary to carry out the provisions of this Agreement.

28.     Notice Under the Class Action Fairness Act: Pursuant to the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 ("CAFA") Defendants, shall prepare and provide the notices required by CAFA, including the notices to the United States Department of Justice and to the attorneys general of all states in which Class Members reside, as specified by 28 U.S.C. § 1715, within 30 days of the filing of the preliminary approval motion.  Defendants shall give Class Counsel the opportunity to review the notices at least three (3) days before service.

Dated: _____, 2018     _____

Representative                       Virginia   Van   Dusen/   Plaintiff   and   Class

Dated: _____, 2018         _____
                                    Joseph Sheer/ Plaintiff and Class Representative

Dated: ____, 2018           _____
                                    Jose Motolinia/ Plaintiff and Class Representative

Dated: ____, 2018           _____
                                    Peter Wood/ Plaintiff and Class Representative

Dated: ____, 2018           _____
                                    Vickii Schwalm/ Plaintiff and Class Representative

Dated: 2-7, 2018            _____
                                    Swift Transportation Co. of Arizona, LLC/ Defendant

By: _ADAM MILLER_____

Its: _CFO_____

Dated: _2-7_, 2019

_____
Interstate Equipment Leasing, Inc./ Defendant

By: _ADAM MILLER_____

Its: _CFO_____

Dated: ____, 2018

_____
Chad Killebrew/ Defendant

Dated: ____, 2018

_____
Jerry Moyes/ Defendant

By: _____

Its: _____

Dated: _____, 2018        _____
                          Interstate Equipment Leasing, Inc./ Defendant

By: _____

Its: _____

Dated: 2-7, 2018          _____
                          Chad Killebrew/ Defendant

Dated: 2-7, 2018          _____
                          Jerry Moyes/ Defendant

26

## EXHIBIT 1 – ALLOCATION

The Settlement Agreement ¶3A provides that "the individual awards for Pre-Merger Claims paid for out of the $100,000,000 Settlement Fund will be calculated based upon an 80 percent claim rate assumption, by claim value. . . . The individual settlement amounts calculated using this 80% claim rate assumption . . . will be paid to participating class members if 80% or less of the Pre-Merger Claims, by claim value, are claimed." Agreement ¶3A. To implement this provision, it is first necessary to determine the "claim value" of each Class Member's pre-merger claim. Based on that value, the percentage of the total pre-merger claim value that is claimed by participating class members can be determined. That percentage, in turn, will determine the formula used to calculate individual awards to participating class members.

This Exhibit sets forth the definition of "weekly hours" and "net weekly wages," two factors used in determining claim value. ¶¶ I & II. It then sets forth the formula for determining pre-merger claim value, ¶III, and the formula for calculating individual pre-merger awards based on the percentage of total claim value that the participating class members' claims represent. ¶IV. Post-Merger awards are calculated using the same formula used to calculate pre-merger awards as explained in ¶V and the formula for calculating a Participating Class Member's total settlement award is set forth in ¶VI.

## I. WEEKLY HOURS

Class Members' weekly work hours are calculated by combining driving time, administrative time, and loading and unloading time as defined below, capped at 126 total hours per week.

(A.) Driving Time: Driving Time is calculated by dividing all weekly settlement miles times 1.1 (hereafter "Actual miles") by an average moving speed of 50 MPH.

(B.) Administrative Time: 3 hours per 1000 actual miles driven that week or fraction thereof

(C.) Loading Time and Unloading Time: The weekly number of loads and unloads is calculated from settlement statements and multiplied by an average duration of 2 hours.

## II. NET WEEKLY WAGES

Class Members' Net Weekly wages are equal to weekly pay (after all deductions have been subtracted from weekly gross revenue) less weekly out of pocket expenses and employer share of FICA/FUTA. For these purposes,

(A.)   Out of pocket expenses are equal to the statement miles multiplied by $0.02 per mile.

(B.)   Employer share of FICA/FUTA is equal to the net settlement pay less out of pocket expenses which is then multiplied by 7.65%. If hours cap is applied, pay is also prorated to 126.

## III.   FORMULA FOR CALCULATING PRE-MERGER CLAIM VALUE

(A.)   The "value" of pre-merger claims (i.e. claims for work between February 20, 2001 to September 8, 2017 ("the Merger Date") will be determined by calculating each Class Member's Gross Damages for the pre-merger period and reducing those Gross Damages by a Claim Value Fraction to ensure that the aggregate value of all Class Members' pre-merger claims equals the Net Settlement Funds available for distribution.

(B.)   Gross Damages for pre-merger claims is the sum of 1 and 2 below calculated in the following manner:

1.   Pre-merger work (i.e. work between February 20, 2001 and September 8, 2017) will be assigned a flat non-wage-based damage amount of $250.

2.   Class members who worked between December 22, 2006 and September 8, 2017 will have their pre-merger wage-based damages calculated as the sum of their weekly damages based on individual hours worked (as set forth in Paragraph I) and Net Weekly Wages (as set forth in Paragraph II), with the following adjustments:

a.   Damages for work performed as part of a continuing course of employment which continues through or after 1/31/15 until September 8,

2017 shall be calculated in accordance with Arizona Revised Statutes, A.R.S. § 23-364[1] and the result discounted by 50%.

b.  Damages for work performed as part of a continuing course of employment which continues through or after 1/31/14 and before 1/31/15 shall be calculated in accordance with A.R.S. § 23-364 and the result discounted by 75%.

c.  Damages for work performed as part of a continuing course of employment which continues through or after 12/22/07 and before 1/31/14 shall be calculated in accordance with A.R.S. § 23-364 and the result discounted by 75%

d.  Damages for work performed as part of a continuing course of employment which continues through or after 12/22/06 and before 12/22/07 shall be calculated in accordance with A.R.S. § 23-364 and the result discounted by 87.5%

e.  Damages for work performed two years before the filing of a consent to sue form or submission of a claim form and any work thereafter up until September 8, 2017 shall be calculated in accordance with the FLSA[2], 29 U.S.C. §216(b).[3]

f.  Damages for work performed more than two years but less than three years prior to the filing of a consent to sue form or submission of a claim form and any work thereafter up until September 8, 2017 shall be calculated in accordance with the FLSA, 29 U.S.C. §216(b) and the result discounted by 50%.

---

[1] Three times the difference between wages owed at the applicable statutory minimum wage rate for each hour worked in a week, and the Net Weekly Wages.

[2] Two times the difference between the wages owed at the applicable statutory minimum wage rate for each hour worked in a week, and the Net Weekly Wages.

[3] For purposes of measuring the date of submission of a claim form, all claim forms submitted during the notice period established in the order granting preliminary approval shall be deemed to have been submitted as of the date of the order granting preliminary approval.

g.  Where more than one of the foregoing adjustments applies to a particular week, the adjustment which results in the highest damage calculation shall be applied.

(C.)    Pre-Merger Claim Value:  The "value" of each Class Member's pre-merger claim shall be his Gross Damages multiplied by the "Claim Value Fraction," the denominator of which shall be the aggregate Gross Damages for all pre-merger claims, and the numerator of which shall be the total funds available for distribution to Participating Class Members for pre-merger claims. Thus, the aggregate value of all Class Members' pre-merger claims will equal the Net Settlement Fund available for distribution for pre-merger claims (i.e. $100,000,000 less attorneys' fees, costs, settlement administration costs and service awards). In other words, Total Pre-Merger Claim Value equals the Net Funds Available for distribution to participating class members.  For example, if the aggregate gross damages for all pre-merger claims is $300 million and the Net Settlement Fund for distribution for pre-merger claims is $60 million, the Claim Value Fraction will be 60/300 (20%), and the Total Pre-Merger Claim Value will equal $60 million. An individual Class Member's pre-merger claim value would be:

indiv. claim value = (indiv. gross damages) x (Net Funds Available for Distribution)
(Aggregate Gross Damages)

or, using the example above:

indiv. claim value = (indiv. gross damages)    x   $60 million
$300 million

## IV.  CALCULATION OF PRE-MERGER SETTLEMENT AWARDS

The calculation of Individual Settlement Awards for Pre-Merger claims depends upon the percentage of the Total Pre-Merger Claim Value represented by the value of the Participating Class Members' claims. Once that percentage is known, settlement awards for pre-merger claims will be calculated based on whichever of the following three formulas is applicable:

(A.)   If the value of claims filed for Participating Class Members' pre-merger claims  equals 80% or less of the Total Pre-Merger Claim Value,[4] each participating class member's Individual Settlement Award for Pre-Merger Claims will be his Gross Damages multiplied by a fraction, the denominator of which will be 80% of the aggregate pre-merger gross damages, and the numerator of which will be the Net Settlement Funds available for distribution, except that there shall be a $250 minimum payment to Participating Class Members. The awards calculated as described in this sub-paragraph shall be subject to pro-rata adjustment to ensure that the awards, including the $250 minimum awards, do not exceed the Net Settlement Funds available for distribution. For example, if the aggregate "value" of the Participating Class Members pre-merger claims (calculated pursuant to III. C. above) equals 80% or less of the Total Pre-Merger Claim Value, the total funds available for distribution equal $60 million, and the aggregate pre-merger Gross Damages is $300 million, a Participating Class Member's individual award would be his gross damages multiplied by 60/240 (240 being 80% of 300) or 25%, subject to pro rata adjustment to ensure that payment of the $250 minimum does not cause the total settlement awards to Participating Class Members to exceed the Net Fund available for distribution. This is referred to in the Settlement Agreement as the "Maximum Individual Settlement Award for Pre-Merger Claims."

Stated as a formula:

$$\text{Indiv. Award} = (\text{indiv. Gross Damages}) \times \frac{\underline{\text{Net Funds Available for Distribution}}}{(\text{aggregate gross damages} \times 80\%)}$$

Using the example:

$$\text{Indiv. Award} = (\text{indiv. Gross Damages}) \times \frac{\underline{\$60 \text{ million}}}{\$240 \text{ million}}$$

(B.) If the value of claims filed for  Participating Class Members' pre-merger claims is more than 80% but less than 100% of the Total Pre-Merger Claim Value , the fraction used to generate the "Maximum Individual Settlement Awards for Pre-Merger Claims" will be reduced pro-rata to ensure that all Participating

---

[4] The Total Pre-Merger Claim Value equals the Net Settlement Fund available for distribution for pre-merger claims.

Class Members receive at least $250 and that the sum of all awards does not exceed the Net Settlement Fund available for distribution for pre-merger claims.

(C.)  If the value of claims filed for Participating Class Members' pre-merger claims equals 100% of the Total Pre-Merger Claim Value (i.e. if 100% of the Class Members with pre-merger claims participate in the settlement), each participating class member's award for pre-merger work will be his gross damages multiplied by the Claim Value Fraction used in ¶III. C. above – i.e. the award would be equal to the "value" of his claim calculated pursuant to ¶III. C above, except that there shall be a $250 minimum payment to Participating Class Members and the awards calculated as described in this sub-paragraph shall be subject to pro-rata adjustment to ensure that the awards, including the $250 minimum awards, do not exceed the Total Pre-Merger Claim Value. This award is referred to in the Settlement Agreement as the "Minimum Individual Pre-Merger Settlement Award."

## V.  CALCULATION OF POST-MERGER SETTLEMENT AWARDS

Participating Class Members' Individual Post-Merger Settlement Awards shall be their Gross Damages during the post-merger period reduced by the same Claim Value Fraction that applies to the calculation of awards for pre-merger claims. Gross Damages for Participating Class Members' post-merger claims are the sum of this Paragraph V 1 and 2 calculated as follows:

(A.)  Participating Class Members who worked between September 9, 2017 and December 31, 2018 only, will be assigned a $250 payment for non-wage-based damages;

(B.)  Participating Class Members' wage-based damages for work between September 9, 2017 and December 31, 2018 (whether or not they worked prior to that period) will be the sum of their weekly damages for that period based on individual hours worked (as set forth in Section I) and Net Weekly Wages (as set forth in Section II), with the following adjustments:

1.  Damages for work performed during the period September 9, 2017 through December 31, 2018 shall be calculated in accordance with A.R.S. § 23-364 and the result discounted by 50%.

2.  If a consent to sue or claim form has been filed on or prior to September 9, 2019, damages for work performed during the period September 9, 2017 through December 31, 2018 shall be calculated in accordance with the FLSA, 29 U.S.C. §216(b).

3.  If a consent to sue or claim form is filed after September 8, 2019, damages for work performed during the period September 9,2017 through December 31, 2018 and within two years of the filing of the consent to sue or claim form shall be paid in accordance with the FLSA, 29 U.S.C. §216(b), and work performed after September 8, 2017 that was performed more than two years before the filing of the consent to sue or claim form shall be calculated in the same manner but discounted by 50%.

4.  Where more than 1 of the foregoing adjustments applies to a particular week, the adjustment which results in the highest award shall be applied.

(C.)  The individual settlement award for post-merger claims shall be a Participating Class Member's Gross Damages for post-merger work multiplied by the same fraction used to generate pre-merger claim awards (i.e. the applicable fraction from among ¶ IV A-C above), except that any Participating Class Member who worked only during the period September 9, 2017 and December 31, 2018, shall receive at least a $250 minimum payment and the post-merger awards calculated as described in this sub-paragraph shall be subject to pro-rata adjustment to ensure that that sum, including any $250 minimum awards, does not exceed the sum of the post-merger awards calculated as set forth herein before accounting for the $250 minimum payment.

## VI. TOTAL INDIVIDUAL AWARDS

Participating Class Member's total Individual Settlement Award will be the sum of his Individual Settlement Award for Pre-Merger Claims and his Individual Settlement Award for Post-Merger Claims.

**Exhibit 2- Columns Included In Original Revenue and Deduction Production**

**Columns in Revenue Data**

SRRECS   OWNER ID TRCTOR CD SRREVC ORD #  DSP #  SRSEQ# SRLDTE Bk Yr  Jul Date SRORG   SRDEST SRREVA Cur Fund SROWNR

**Columns From Deduction Data**

SRRECS   OWNER ID TRCTOR CD SRREVC ORD #  DSP #  SRSEQ# SRLDTE Bk Yr  Jul Date SDDESC   SDBAL   SDAMT Cur Fund SDPERC

**Exhibit 2**

**Columns i**

| SRRECS | SRSEG | | SRMILE | SROCTY | SRDCTY | SRADPY | Cur Fund | SRFSC | | SRLM | SRLMR | SREM | SREMR | Cur Fund | Acct | | Acct |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Columns F**

| SRRECS | DEDUCT % OR MILE | Acct | Acct | CC | CC | | SDSTDE | SDPRTF | SDRBAL | Bk Mo | Bk Yr | Bk Mo | Bk Yr | | Bk Mo | Bk Yr |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Exhibit 2**

**Columns i**

| SRRECS | CC | | CC | Bk Mo | Bk Yr | Bk Mo | Bk Yr | Bk Mo | | Bk Yr | Paid Status | SWIT | | Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Columns F**

| SRRECS | | Paid Status | Amt | Jul Date | ESCROW | REVTYPE | GST STAT | GST Billed Amount | | Voucher Batch Number | Batch Number | Batch Number |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

**Exhibit 2**

**Columns i**

| SRRECS | Jul Date | Amt | REVTYPE | GST TYPE | GST AMT | Voucher | Batch Number | Batch Number | Batch Number | UNSETTLED BAL |
|---|---|---|---|---|---|---|---|---|---|---|

**Columns F**

| SRRECS | UNSETTLED BAL | LST DTE | LST TME | LST INIT | Bk Yr | Bk Yr | STD DED FLG | MTH DED FLG | % AMT FLG | DEDUCTION DATE |
|---|---|---|---|---|---|---|---|---|---|---|

**Exhibit 2**

**Columns i**

| SRRECS | LST DTE | LST TME | LST INIT | Bk Yr | Bk Yr | CHECK # | CHECK DATE | USER ID | PROCESS DATE |
|--------|---------|---------|----------|-------|-------|---------|-----------|---------|--------------|

**Columns F**

| SRRECS | CHECK # | CHECK DATE | USER ID | PROCESS DATE | ID # |
|--------|---------|-----------|---------|--------------|------|