IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia Van Dusen, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Swift Transportation Co., Inc., *et al.*,<br><br>Defendants. | CASE NO.: 10-899-PHX-JWS<br><br>ORDER CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AGREEMENT, APPROVING FORM OF NOTICE AND SETTING DATE AND TIME OF FINAL FAIRNESS HEARING |

THIS MATTER COMING before this Court on the Joint Motion for Preliminary Approval of the Settlement Agreement and Joint Motion to Conditionally Certify the Class, for Settlement Purposes and the Court having considered the motions, the Parties' Settlement Agreement and all exhibits thereto, along with all the arguments and evidence at the hearing on Plaintiffs' Motion for Preliminary Approval of the Settlement Agreement held on April 18, 2019, at 10:00 a.m.,

IT IS HEREBY ORDERED that this Order incorporates by reference all definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Agreement.

IT IS FURTHER ORDERED that the Order conditionally certifies the following Class for settlement purposes under Fed. R. Civ. P. 23(b)(3):

> any and all individuals who entered into an independent contractor agreement with Swift Transportation Co. of Arizona, LLC ("Swift") and any affiliated entity (as defined in the parties' Settlement Agreement), and also entered into a lease agreements with Interstate Equipment Leasing, LLC ("IEL") at any time prior to January 1, 2019, regardless of whether the individual participates in the Settlement unless said individual opts-out of the Settlement as set forth herein.

IT IS FURTHER ORDERED:

1. The Court hereby preliminarily approves the Settlement as set forth in the Settlement Agreement as being fair, reasonable, and adequate to the Class Members.

2. The Court hereby approves Settlement Services, Inc., as the Settlement Administrator to perform those duties and responsibilities as set forth in the Settlement Agreement.

3. The Court hereby approves, as to form and content, the Class Notices including the Claim forms and Change of Information forms attached to the Joint Motion for Certification of Settlement Class and Approval of Notice (Doc. 1109) as Exhibits A-D (Docs. 1109-2 – 1109-5).

4. The Court finds that the mailing and emailing of the Notice and methods for contacting and locating Class Members described in the Settlement Agreement constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to all Class Members, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States, and any other applicable law.

5. Plaintiffs and Class Counsel shall file their motion(s) for approval of attorneys' fees, costs, expenses, Service Awards no later than twenty-one (21) days after the end of the Notice Period.

6. A Final Fairness Hearing shall be held on November 4, 2019, at 10:00 a.m. before the Honorable John W. Sedwick, United States District Judge, at the United States District Court for the District of Arizona, Sandra Day O'Connor United States Courthouse, Courtroom 401, 4th Floor, 401 W. Washington St., Phoenix, AZ 85003-2118 for the purpose of determining:

   a. whether the proposed Settlement as set forth in the Settlement Agreement is fair, reasonable and adequate, is in the best interests of the Settlement Class Members, and should be approved by the Court;

   b. whether an order approving the settlement and order of judgment should be entered, dismissing with prejudice the claims of the Named Plaintiffs and the Class members who do not opt-out of the Settlement against the Released Parties, and that provides for the following:

   1. adjudging the settlement to be fair, reasonable and adequate;
   2. ordering that the Settlement Agreement is approved, directing consummation of the terms and provisions of the Settlement Agreement, and requiring the Parties to take the necessary steps to effectuate the terms of the Settlement;
   3. entering final judgment;
   4. determining pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure that the Class Notice constitutes the best notice practicable under the circumstances, and that due and sufficient notice of the Final Fairness Hearing and the rights of all Settlement Class Members has been provided;

5. determining that Defendants complied with CAFA and its notice obligations by providing appropriate federal and state officials with information about the Settlement Agreement;

6. ordering that each member of the Class who does not opt out of the Action shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to all claims reasonably related to, arising out of, or arising in connection with the claims in the Action related to work pursuant to independent contractor agreements with Swift or any affiliated entity and leases with IEL as set forth in the Settlement Agreement through January 1, 2019;

7. ordering that Defendants shall be deemed to have released all Settlement Class Members who do not opt-out of this Settlement from any and all claims known or unknown, contingent or accrued, that are based on, arise out of, or relate in any way to an independent contractor agreement with Swift and/or an equipment lease with IEL or any services provided under such contractor agreement or lease during the Settlement Class Period as set forth in the Settlement Agreement;

8. ordering that upon the Settlement Effective Date, the Named Plaintiffs shall be deemed to have irrevocably and unconditionally released and discharged the Released Parties with respect to all claims of any kind against the Released Parties through January 1, 2019;

9. dismissing with prejudice the Action, without additional cost to any of the Parties other than as provided for in the Settlement Agreement;

10. approving the terms of the Settlement Agreement and awarding payments to the Named Plaintiffs and Settlement Class Members to be made consistent with the terms of the Settlement Agreement;

      11. awarding attorneys' fees and costs for Class Counsel consistent with the terms of the Settlement Agreement;

      12. awarding Service Awards to Named Plaintiffs consistent with the terms of the Agreement;

      13. ordering the Parties' submission to, and this Court's continuing retention of, exclusive jurisdiction over this matter for the purpose of effectuating and supervising the enforcement, interpretation or implementation of the settlement, and resolving any disputes that may arise hereunder.

7. The Parties and Settlement Administrator are directed to add the date and time of the Final Fairness Hearing, the deadline to object to the Settlement and request for attorneys' fees and costs and Service Award and other dates and information as applicable to the approved Class Notice, Claim Form, and Change of Information Form.

8. Within 10 business days from the date of this Order, Defendants shall provide to the Settlement Administrator and to Class Counsel the Settlement Class list and Data necessary for the Settlement Administrator to comply with its obligations under the Settlement Agreement;

9. The Settlement Administrator is directed to mail the Class Notice, Claim Form and Change of Information Form to each Class Member at the last known address provided by Defendants or identified through an NCOA address update service and to send notice by email to all known email addresses and a text message identifying the Settlement Administrator's website to known phone numbers of Class Members within 21 days following receipt of the Settlement Class List and Data.  The Settlement Administrator shall prepare documentation showing the allocation to each individual Settlement Class Member and provide it to Defendants and Class Counsel at least 14 business days prior to the mailing of the notices.  Defendants shall have 7 business days from receipt to review the individual allocations to the Settlement Class Members and to object to the individual

1 allocations if they do not match Defendants' records and/or if the individual allocations for
2 pre-merger claims plus costs and expenses, attorneys' fees, and costs of settlement
3 administration do not add up to $100,000,000. If the parties are not able to resolve the
4 objection, the mailing of the Notice Packet will be postponed pending resolution by the
5 Court provided that within 14 days from receipt of the individual allocations from Class
6 Counsel, Defendants file a motion to have the Court resolve the dispute. If Class Notices
7 are returned for insufficient address, the Settlement Administrator is directed to perform a
8 skip trace to attempt to locate the Settlement Class Member. The Settlement Administrator
9 is also directed to post the Class Notice on its website and perform all other duties and
10 responsibilities as Settlement Administrator that are set forth in the Settlement Agreement.

11     DATED this 22nd day of April 2019.

          /s/ JOHN W. SEDWICK
    SENIOR JUDGE, UNITED STATES DISTRICT COURT