FILED ___ LODGED
RECEIVED ___ COPY

JAN 2 2 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Virginia Van Dusen, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Swift Transportation Co., Inc., et al.,<br><br>Defendants. | CASE NO.: CV 10-899-PHX-JWS<br><br>ORDER AND JUDGMENT CERTIFYING THE SETTLEMENT CLASS AND GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF COLLECTIVE AND CLASS ACTION SETTLEMENT |

THIS MATTER COMING before this Court for hearing on Final Approval of Settlement pursuant to the Court's Orders entered April 22, 2019 (Doc. 1124), June 3, 2019 (Doc. 1127) and July 28, 2019 (Doc. 1129) (conditionally certifying the Settlement Class and preliminarily approving the Settlement together referred to herein as "Preliminary Approval Orders"), now upon application for certification of the Settlement Class and final approval of the Collective and Class Action Settlement ("Settlement") as set forth in the Settlement Agreement ("Agreement"), and due and adequate notice having been given

1

1  to the members of the Class as required in accordance with the Settlement Agreement and

2  Preliminary Approval Orders and the Court having considered all papers filed and

3  proceedings had herein, including the Final Fairness Hearing held on January 22, 2020 to

4  determine the appropriateness of class certification and the fairness of the Settlement and

5  Plaintiffs' Motion for Attorneys' Fees and Costs, (Doc. 1138), and Motion for Final

6  Approval of Class and Collective Action Settlement, (Doc. 1152), and Supplemental Brief

7  in Support of Final Approval of Class and Collective Action Settlement, (Doc 1141), the

8  documents and exhibits in support thereof, and otherwise being fully informed in the

9  premises and for good cause appearing therefore, the Court finds that the certification of

10  the Settlement Class is appropriate  and that the Settlement is fair, reasonable, adequate,

11  and in the best interests of the Class and further finds that Plaintiffs' request for attorneys'

12  fees and costs is fair and reasonable.

13      Accordingly,

14  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

15      1.      This Order and Judgment granting class certification and approving the

16  Settlement Agreement incorporates by reference the definitions and terms used in the

17  Settlement Agreement, and all capitalized terms herein shall have the same meanings as

18  set forth in the Settlement Agreement.

19      2.      This Court has jurisdiction over the subject matter of this lawsuit and over

20  all members of the Class.

21      3.      The Court finds that final collective action certification pursuant to Section

22  16(b) of the Fair labor Standards Act, 29 U.S.C. §216 (b) and class certification of the

23  Settlement Class and appointment of Class Counsel under Rule 23 of the Federal Rules

24  of Civil Procedure is appropriate and satisfies all of the conditions of Rule

25  23(a),(b)(3),(e) and (g) and hereby certifies the following  collective action class and

26  Settlement Class under Rule 23(b)(3):

27          any and all individuals who entered into an independent contractor agreement
            with Swift Transportation Co. of Arizona, LLC ("Swift") and any affiliated
28

entity (as defined in the parties' Settlement Agreement), and also entered into a lease agreements with Interstate Equipment Leasing, LLC ("IEL") at any time prior to January 1, 2019, regardless of whether the individual participates in the Settlement unless said individual opts-out of the Settlement as set forth herein.

4.     After consideration of the evidence, the Court finds that the mailing and emailing of the Notice Packets to all known addresses, as updated through the NCOA registry and further traces where necessary, constituted the best notice practicable under the circumstances, and that the individual notices constituted valid, due, and sufficient notice to all persons entitled thereto, complying fully with the requirements of Fed. R. Civ. P. 23 and due process.

5.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement is, in all respects, fair, reasonable, adequate and in the best interests of Class Members, directs that the Settlement be consummated in accordance with the terms and conditions set forth in the Agreement, and orders all Parties to take the necessary steps to effectuate the Settlement as set forth in the Settlement Agreement.

6.     Defendants have complied with the Class Action Fairness Act of 2005, PL 109-2 (2005) and 28 U.S.C. § 1715 and its notice obligations by providing appropriate federal and state officials with information about the Settlement.

7.     The Court hereby makes the following findings:

A.     This case was originally filed in 2009.  Plaintiffs drove trucks for Swift Transportation Co. of Arizona LLC ("Swift") using equipment leased from Interstate Equipment Leasing, LLC ("IEL").  They alleged on behalf of themselves, an FLSA collective and a Rule 23 class of similarly employed lease operators that Swift, IEL, and individual Defendants Jerry Moyes and Chad Killibrew (hereafter collectively referred to as "Defendants") misclassified their lease operator drivers as independent contractors and failed to pay them the legally required minimum wages for each hour worked per week in violation of the Fair

1    Labor Standards Act ("FLSA"), 29 U.S.C. § 206 *et seq.* Plaintiffs also alleged

2    violations of state wage and contract laws as well as violations of federal forced

3    labor statutes, 18 U.S.C. §§ 1589, 1595.  Defendants deny all of Plaintiffs'

4    allegations and contend that they and other owner-operators were properly

5    classified as independent contractors under state and federal law.

6    B.      On May 21, 2010, after transferring venue to the District of Arizona,

7    Defendants moved to compel arbitration of the claims under the Federal Arbitration

8    Act (FAA) and the Arizona Arbitration Act (AAA) pursuant to an arbitration clause

9    in Plaintiffs' Contractor Agreements which contained a class action waiver. *See*

10   *Doc* 127. Plaintiffs opposed arguing, *inter alia,* that they were exempt from

11   arbitration pursuant to § 1 of the FAA (9 U.S.C. § 1). Doc. 188 at 9-15. On

12   September 30, 2010, this Court enter an order granting Defendants' motion to

13   compel arbitration finding that the delegation clause in the arbitration agreement

14   required the arbitrator to determine whether Plaintiffs were exempt from the FAA

15   and the AAA. Doc 223.

16   C.      Plaintiffs filed a petition for mandamus which the Ninth Circuit denied,

17   although in doing so the Court indicated that district courts should decide the

18   exemption question. *In re Van Dusen,* 654 F.3d 858 (9th Cir. 2011). Plaintiffs

19   moved for reconsideration and the Court again ordered arbitration but certified its

20   order for interlocutory appeal pursuant to 28 U.S.C.§ 1292(b). Doc. 321. On

21   appeal the Ninth Circuit reversed and directed the Court to decide the exemption

22   question. *Van Dusen v. Swift,* 544 Fed. Appx. 724 (9th Cir. 2013). After

23   Defendants' petition for certiorari was denied, *Swift Transp. Co. v. Van Dusen,*

24   573 U.S. 916 (2014), the Court entered a scheduling order for resolving the

25   exemption issue, including deadlines for discovery on the misclassification issue,

26   as well as setting a schedule for dispositive motions, and, if necessary, a trial of

27   the exemption issue. Doc 548.

28

D.       Defendants then filed a petition for mandamus and an appeal arguing that the Court should not have permitted discovery before deciding the exemption question. The appeal was dismissed for lack of jurisdiction, *Swift Transp. v. Van Dusen,* 830 F.3d 893 (9th Cir. 2016), and the petition for mandamus was denied with one dissent and a concurring opinion that indicated the concurring judge might have agreed with the dissent if the case had come up on appeal. *In re Swift Transportation Co., Inc.,* 830 F.3d 913 (9th Cir. 2016).

E.       The parties engaged in extensive discovery on the employer/employee issue. Upon completion of discovery, the parties filed cross motions for partial summary judgment on the question of whether the Plaintiffs' contracts were contracts of employment exempt from arbitration pursuant to § 1 of the FAA. Docs 771 and 792. On January 6, 2017, the Court found that the contracts were contracts of employment exempt from arbitration pursuant to § 1 of the FAA and § 12-1517 of the AAA. Doc 862.

F.       A few days following the partial summary judgment Order, Doc. 862, Swift informed its drivers operating trucks under a lease agreement, that they had to sign a new retroactive contractor agreement or be terminated. The new agreement included provisions that Plaintiffs viewed as attempting to pre-empt potential remedies in this case and make drivers financially liable to Defendants if they were adjudged to be employees. On motion by Plaintiffs, the Court found those provisions coercive and, to prevent a potential chilling effect, ordered Defendants to send out a corrective notice clearly stating that the new agreement's provisions would not affect drivers' rights and remedies in this case. Doc. 917.

G.       Defendants appealed the partial summary judgment order denying arbitration pursuant to 9 U.S.C. § 16(a)(1)(B). *Swift Transp. Co. v. Van Dusen,* No. 17-15102 (9th Cir.). The Court stayed the case pending appeal, Doc 918. On motion by Plaintiffs the Court subsequently ordered Swift to provide Plaintiffs with

1   the names and contact information of potential class members to ameliorate the

2   delay caused by the appeal in light of the existing difficulties of contacting class

3   members due to the length of the proceedings in the event the class was eventually

4   certified.  Docs. 976, 1016. Swift sought mandamus review of that Order. *In re*

5   *Swift Transp. Co.,* No. 17-71757 (9th Cir. Filed June 15, 2017).  The 9th Circuit

6   stayed the order compelling production of class information and referred the

7   mandamus petition to the merits panel considering Swift's appeal from the order

8   finding Plaintiffs exempt from arbitration under FAA§1. *Id.* D.E. 7 (9th Cir. Nov.

9   14, 2017).

10   H.      Prior to the scheduled oral argument of the Defendants' appeal and

11   mandamus petition, the Supreme Court granted *certiorari* in *New Prime Inc v.*

12   *Oliviera,* 138 S.Ct. 1134 (2018), to decide two questions: (1) whether a claim of

13   exemption under § 1 of the FAA should be decided by the court or the arbitrator

14   when an arbitration agreement contains a delegation clause, and (2) whether the

15   term "contracts of employment" as used in FAA§ 1 applies to contracts with

16   independent contractors or only to contracts with employees. Because the outcome

17   of these issues could potentially render the pending appeals (and all prior orders in

18   the case) moot, the Ninth Circuit stayed Defendants' appeal and mandamus petition

19   pending resolution of the *New Prime* case. *Van Dusen v. Swift*, No. 17-15102, Dkt

20   Entry: 55 (9th Cir. Feb. 27, 2018).

21   I.      The Settlement is the result of extensive arm's length adversarial

22   negotiations and mediation process. The parties engaged in arms-length settlement

23   negotiations in 2017 and 2018 with the assistance of Mark Rudy, an experienced

24   mediator in the wage and hour and collective and class action field. Eventually a

25   settlement was reached on February 7, 2019.

26   J.      The terms of the Settlement Agreement are explained in detail in the parties'

27   Joint Motion for Preliminary Approval of the Settlement and Plaintiffs' Motion Final

28

Approval of Class and Collective Action Settlement Motion for Final Approval of the Settlement.  In summary, the Settlement provides for a Settlement Fund of $100,000,000. A total of $70,000,000 of that fund was to be divided among 19,955 class members according to a formula that takes into account the number of weeks a driver drove under a contract and lease, his or her earnings and hours of work, and potentially applicable statutes of limitations. The Settlement provides that Plaintiffs could seek up to 1/3 of the fund as fees and costs. However, Plaintiffs have limited their fee request to $29,000,000 in fees and $116,541.96 in Class Counsel's costs and $270,00 in Settlement administration costs. Up to $250,000 of the fund was set aside for service awards for the five named plaintiffs.

K.     As set forth in Named Plaintiffs" and Class Counsels declarations, Named Plaintiffs took considerable risks and provided significant services to the Settlement Class.

L.     Class Counsel has extensive experience in FLSA and class and collective action litigation and Class Counsel is therefore well equipped to negotiate a fair settlement for Named Plaintiffs and the Class. Class Counsel's opinion merits great weight both because of Class Counsel's familiarity with the Action and because of their extensive experience in similar actions. Based on their analysis and evaluation of the relevant factors, Class Counsel has represented that they are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and in the best interests of the Class Members.

M.     All counsel represented the interests of their clients competently and vigorously. Class Counsel devoted a considerable amount of time, effort and resources and diligently and proactively represented the interests of the Plaintiffs and the Class Members in litigating this case and in securing the terms of the Settlement and ensuring a fair, adequate and equitable distribution of the Settlement Fund.

N.     On April 22, 2019, this Court granted preliminary approval of the parties

request to conditionally certify the case, for purposes of settlement, as an FLSA collective action and as a Rule 23(b)(3) class action on behalf of the 19,955 individuals covered by the Settlement.  Doc. 1124 at 2.  At the same time the Court granted preliminary approval to the Settlement Agreement "as being fair, reasonable, and adequate to the Class Members. *Id.*  The Court approved the form and content of the parties proposed Class Notices as well as the methods proposed for distributing the Notices as "the best practicable under the circumstances." *Id.* The Court found that the proposed methods of distributing the Notices complied "with the requirements of Rule 23 . . ., the Constitution of the United States, and any other applicable law. *Id.*

O.      In seeking preliminary approval of the Settlement Agreement, Plaintiffs specifically requested that the Court consider and grant preliminary approval to Plaintiffs' fee and expense request so that it could be included in the Class Notice, thereby giving the Class Members an opportunity to bring any objections they may have with the fee request to the Court's attention. The Notice issued to the Class Members contained the following language:

> Deductions from the Settlement Funds: Before the Settlement Fund is divided among the drivers, the Court may allow the following amounts to be deducted from the Fund: (1) up to 29% of the fund to pay the attorneys' fees of the Named Plaintiffs' attorneys for their work in litigating the case and obtaining the settlement agreement. These attorneys have pursued this case on behalf of the Named Plaintiffs and the other Swift drivers for over nine years including four appeals without receiving any compensation for their services.  They did so with the understanding that they would receive a portion of from the settlement fund established through their efforts; (2) up to $750,000 to reimburse the attorneys for the substantial costs they have incurred litigating the case over the past nine years and for the costs of administering the settlement fund including the cost of sending this notice and sending the money to participating drivers if the settlement is approved; (3) up to $50,000 as a Service Award to each of the five Named Plaintiffs to compensate them for the risks they took and the time they spent pursuing this case over the past ten years nine years to generate the settlement fund. The service awards to these individuals are in addition to their regular share of the settlement funds. The total of all deductions from the Settlement Fund will not exceed 30%.

8

1    Doc. 1109-2 at pp. 3-4 of 9; Doc. 1109-3, at pp. 3-4.

2    P.    Upon conclusion of the Notice Period, a total of six objections to

3    the Settlement were filed with the Settlement Administrator. The Court

4    has carefully considered those objections.  Those objections did not

5    object to the essential fairness of the Settlement, or to the amount of the

6    fees and costs sought by Plaintiffs' counsel, or to the requested service

7    payments for the five Named Plaintiffs. To the extent they raise specific

8    objections, those objections are based on misunderstandings of the

9    Settlement Agreement and do not call into question the fundamental

10   fairness of the Settlement.

11   Q.    The Court has considered the extraordinary length of these

12   proceedings (more than ten years), the fact that Class Counsel has

13   participated in six Ninth Circuit appeal and/or mandamus proceedings

14   and a certiorari motion before the Supreme Court, and the proactive steps

15   Class Counsel has taken to protect the interests of the Settlement Class

16   Members, the care, skill and diligence Class Counsel has demonstrated

17   throughout these proceedings, the significant risks and expenses

18   undertaken by Class Counsel in bringing and prosecuting  this

19   contingency case, along with the extraordinary benefits of the monetary

20   relief  and other relief provided under the Settlement Agreement. Based

21   on all of these considerations and the results achieved, the risks of

22   litigation, the benefits accorded under the Settlement, the skill required

23   and quality of Class Counsel's work, the fact that in addition to the

24   monetary relief, Class Counsel generated benefits beyond the cash

25   settlement; the contingent nature of the fee; common fund fee  awards in

26   similar cases; length of this litigation, number of appeal proceedings and

27   the financial burden carried by counsel, the Court finds that attorneys'

28

1        fees in the amount of 29% of the Settlement Fund is warranted.

2          8.      The terms and provisions of the Settlement as embodied by the parties'

3 Settlement Agreement have been entered into in good faith and are hereby fully and

4 finally approved as fair, reasonable, adequate, and in the best interests of the Class, and in

5 full compliance with all applicable requirements of the Federal Rules of Civil Procedure

6 and the Rules of this Court and any other applicable law or due process requirements. The

7 Parties are hereby directed to comply with the terms of the Settlement Agreement and this

8 Order and Final Judgment.

9          9.      The Court hereby approves the Settlement Class Member Payout Formula

10 (Exhibit 1 to the Settlement Agreement), and payment of the Individual Settlement

11 Payments to Participating Settlement Class Members in accordance with the Payout

12 Formula, the methods for calculating the Individual Settlement Payments to Omitted Class

13 Members and their Class Member Teammates as set forth in Plaintiffs' Supplemental

14 Brief In Support of Motion For Final Approval, Doc 1141.

15         10.      Defendants shall promptly assist with determining whether the Omitted

16 Class Members are Class Members and that Parties shall resolve the 17 remaining claims

17 by potentially Omitted Class Members (listed on Ex. E to the Tuddenham Second Supp.

18 Decl.) and assign Settlement Awards to any of them that are Class members as soon as

19 possible so that Class Members have an opportunity to opt out before the Effective Date.

20 The Omitted Class Members shall promptly be notified of their award and release and

21 shall have until the Effective Date to opt-out. The Court also approves the Parties'

22 agreement to pay Omitted Class Members out of $250,000 of the unused portion of the

23 $750,000 in costs that were set aside in the Order Granting Preliminary Approval of the

24 Settlement with the remaining $113,458 in unused cost money reverting to the Funds

25 available for distribution to the Class.

26         11.      Class Counsel shall file a Notice with the Court as soon as possible after the

27 Effective Date indicating (a) which "incomplete claimants" will be treated as non-

28

1    participating Class Members because of their failure to complete their claim forms, (b)

2    which claimants with social security number discrepancies should be treated as non-class

3    members; and (c) which of the Omitted Class Members are to be treated as non-Class

4    Members because they opted out.

5           12.     Having approved the methods of allocating the Class Funds, the Court

6    hereby approves as fair and reasonable the specific Individual Settlement Awards to

7    Participating Settlement Class Members set forth on Exhibit A to the Second Supp. Decl.

8    of E. Tuddenham, Doc. 1142), incorporated herein by reference, *provided that:* (1) the

9    Participating Class Members on Exhibit C to the Second Supp. Decl. of E. Tuddenham

10   complete their claim forms by the Effective Date and (2) the Parties confirm by the

11   Effective Date that Participating Class Members on Exhibit D to the Second Supp. Decl.

12   of E. Tuddenham are Class Members. Defendants shall promptly assist with determining

13   whether claimants with non-matching social security numbers are Class Members,

14   including by comparing the social security number on the claim form and on the Class list

15   with their records.

16          13.     The Court approves the Settlement Awards to the Omitted Class Members

17   set forth on Exhibit E to the Second Supp. Decl. of E. Tuddenham, incorporated herein by

18   reference,  and approves awards using the same methodology to any additional Omitted

19   Class Members the parties agree to by the Effective Date *provided that* the Omitted Class

20   Members do not opt-out of the Settlement by the Effective Date.

21          14.     Defendants shall deposit the Total Settlement Fund Amount into the

22   Qualified Settlement Fund established by the Settlement Administrator no later than 14

23   business days after the Settlement Effective Date and shall provide notice and

24   confirmation to Plaintiffs that the funds have been transferred.

25          15.     Individuals on Exhibit C to the Second Supp. Decl of E. Tuddenham who

26   fail to complete their claims by the Effective Date shall be regarded as non-participating

27   class members bound by the Settlement Agreement but shall not receive their Individual

28

Settlement Payment.  Individuals on Exhibit D to that Declaration who fail to confirm they are Class Members by the Effective Date and individuals on Exhibit E who opt-out by the Effective Date shall be treated as non-class members whose rights are unaffected by this Class Settlement.

16.     With respect to the five Claimants on Exhibit C for whom evidence of the death of the Class Member was submitted as Exhibit F to the Second Supp. Decl. of E. Tuddenham, the Court finds that the evidence presented is sufficient to establish the death of the Class Member and those claims are deemed complete.  Other Claimants on behalf of deceased Class Members may  establish the death of the Class Member up to the Effective Date through documents similar to those attached to Exhibit F to the Second Supp. Decl. of  E. Tuddenham and may, but need not, present a death certificate to complete their claims.

17.     The Court grants Service Awards to Named Plaintiffs in the amount of $50,000 per Named Plaintiff as the reasonable value of the services provided by each of the Named Plaintiffs to the Class Members in litigating and resolving this Action.

18.     Plaintiffs' Motion for Attorneys' Fees and Costs is granted, and Class Counsel are hereby awarded $29,000,000 as attorneys' fees and  costs and expenses in the amount of $116,541.96 for a total payment to Class Counsel of $29,116,541.96 to be paid out of the Total Settlement Fund as attorneys' fees and attorneys' costs and expenses.

19.     The Settlement Administrator is directed to pay all Participating Class Members their Individual Settlement Awards in accordance with the List of Participating Class Members and allocations attached as Exhibit A to the Second Supp. Decl. of E. Tuddenham as well as in accordance with the Individual Settlement Awards listed on Exhibit E and such additional Awards to Omitted Class members that the Parties agree to by the Effective Date are Omitted Class Members subject to the conditions set forth herein..  Payments to Participating Class Members,  taxes owed by employees, attorneys' fees, attorneys' costs and expenses, and Service Awards  shall be made within 10 days

after payment of the Total Settlement Fund Amount into a Qualified Settlement Fund, or as soon thereafter as possible. The Settlement Administrator, SSI, is permitted to obtain reimbursement from the Settlement Fund for its earned fee, in an amount up to $270,000. Any unused portion of the $270,000 shall be retained by Defendants.

20.     The existence of any disputes or unresolved issues shall not affect compliance with, funding and implementation of the Settlement Agreement.

21.     A list of Settlement Class Members is attached as Exhibit A to the Declaration of Mark Patton and incorporated herein by reference, Doc. 1134-1, as supplemented by the list of Omitted Class Members attached as Exhibit E to the Supplemental Declaration of E. Tuddenham, Doc 1142.

22.     A list of Settlement Class Members who chose to exclude themselves from the Action is attached as Exhibit B to the Second Supp. Decl. of E. Tuddenham and incorporated herein by reference.  Doc. 1134-2. The Court specifically finds that the four Class Members represented by Attorney Cullen who filed timely requests to opt-out, including the three who previously filed claim forms, are entitled to opt out and will be treated as having excluded themselves from the Action.

23.     Nine individuals who filed Opt-in Notices (consents to sue) in this case, who are identified in Ex 4 to the Declaration of D. Getman, Doc 1131-3, have been determined not to be Settlement Class Members and the Court hereby orders that these individual are not releasing any claims in this matter and that they and their Consent to Sue forms are hereby dismissed without prejudice.

24.     Upon the funding of the Qualified Settlement Fund,  Settlement Class Members who did not exclude themselves release any further attempt, by lawsuit, administrative claim or action, arbitration, demand, or other action of any kind by each and all of the Settlement Class Members (including participation to any extent in any further class or collective action), to obtain a recovery for work performed pursuant to both an independent contractor agreement entered into with Swift or any affiliated entity

1   and utilizing equipment leased from IEL based on and related to, arising out of, or arising

2   in connection with each and all of the allegations in the operative complaint in the Action,

3   including without limitation any and all claims arising from alleged misclassification,

4   whether factual or legal, for harms arising during the Settlement Class Period.  This

5   release is described in detail in the Settlement Agreement and includes but is not limited

6   to this Action.

7        25.    Upon the funding of the Qualified Settlement Fund, Defendants shall be

8   deemed to have released all Settlement Class Members who did not opt-out of this

9   Settlement from any and all claims known or unknown, contingent or accrued, that are

10   based on, arise out of, or relate in any way to an independent contractor agreement with

11   Swift Transportation and/or an equipment lease with IEL or any services provided under

12   such contractor agreement or lease during the Settlement Class Period, and provided that

13   this release does not apply to any claims arising under active independent contractor

14   agreement with Swift Transportation and/or an equipment lease with IEL after the end of

15   the class period.  This release is described in detail in the Settlement Agreement.

16        26.    The Court retains exclusive jurisdiction over this matter, and the Parties

17   submit to such exclusive jurisdiction, with respect to effectuating and supervising the

18   interpretation, implementation, and enforcement of the Agreement and any disputed

19   questions of law or fact related thereto as provided in the Agreement. In the event of any

20   disputes they  should be brought to the attention of the Court promptly, but such disputes

21   shall not delay Defendants' duty to Fund the Settlement pursuant to ¶14 of the Settlement

22   Agreement except as to the specific Claimant in dispute.

23        27.    The Action is hereby dismissed with prejudice as to Named Plaintiffs and

24   all Settlement Class Members who did not exclude themselves from the Action without

25   additional cost to any of the Parties other than as provided for in the Settlement

26   Agreement and herein.

27

28

28.   The Clerk shall enter Final Judgment pursuant to Fed. R. Civ. P. 54(b) and Fed. R. Civ. P. 58(a).

Dated this 22nd day of January, 2020

JOHN W. SEDWICK

SENIOR JUDGE, UNITED STATES DISTRICT COURT