**SUSAN MARTIN (AZ#014226)**
**DANIEL BONNETT (AZ#014127)**
**JENNIFER KROLL (AZ#019859)**
**MARTIN & BONNETT, PLLC**
4647 N. 32nd St.
Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

**DAN GETMAN (*Pro Hac Vice*)**
**GETMAN, SWEENEY & DUNN, PLLC**
260 Fair Street
Kingston, NY 12401
(845) 255-9370
dgetman@getmansweeney.com

**EDWARD TUDDENHAM (*Pro Hac Vice*)**
23 Rue du Laos
75015 Paris, France
etudden@prismnet.com
Attorneys for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia Van Dusen, et al., | **No. CV 10-899-PHX-JWS** |
| Plaintiffs, | |
| vs. | **PLAINTIFFS' THIRD MOTION TO APPROVE CERTAIN SETTLEMENT AWARDS** |
| Swift Transportation Co., Inc., et al., | |
| Defendants. | |

Plaintiffs hereby move for an order approving the claims of the following individuals: 1. Dennis Strodtman; 2. Linda K. Lawrence; 3. Amy L. Gilpatrick; 4. Teagan Winkler, and 5. Saul Feagin Jr. As grounds for this motion Plaintiffs state as follows:

1.  On April 16, 2020, the Claims Administrator SSI informed the parties that class member, Dennis Strodtman, had filed a timely claim form that SSI had inadvertently overlooked. As a result of that error, Mr. Strodtman was not included on the list of participating class members. (The omission came to SSI's attention when Strodtman called to ask about his check.) In as much as there is no dispute that Strodtman filed a timely claim, it should be paid. His final settlement award is $23,710.94.

2.  As explained in the attached declaration of James Sherwood, in April Plaintiffs received a call from Linda Lawrence (Merriman) asking about her check. SSI had listed her as a non-participating class member ineligible for payment as a non-opt-in class member who had not filed a claim form. Upon investigation, Plaintiffs determined that Ms. Lawrence was an opt-in plaintiff who, pursuant to the terms of the Settlement Agreement, was automatically entitled to a settlement award regardless of whether she filed a claim form. Her final settlement amount is $3400.52.

3.  As explained in the affidavit of James Sherwood attached hereto, two Class Members, Amy Gilpatrick and Teagan Winkler, contacted Plaintiffs' counsel in April 2020 claiming that they had filed timely claim forms and should have received settlement checks. SSI could find no record of their claims. However, as explained in the attached Sherwood declaration, both Amy Gilpatrick and Teagan Winkler provided Plaintiffs' counsel with copies of the transmittal emails they sent to SSI as well as the claim forms they attached to those emails. James Sherwood extracted the meta-data from the emails and the attachments. In both cases, the meta-data confirms that the emails were sent on the date indicated on the face of the emails, September 24, 2019 in the case of Gilpatrick and October 16, 2019 in the case of Winkler. In addition the name/i.d. contained in the claim form meta-data matches the attachment name/i.d. in the email meta-data. Two previous class members who claimed to have filed timely claim forms that SSI could not find were approved by the Court based on precisely the same evidence. *See* Order of March 19, 2020

1

approving claims of Goddard and Eckstein. Doc 1163. Ms. Gilpatrick's final allocation amount is $1475. Ms. Winkler's final settlement amount is $15,186.25.

4.     In April 2020, Class Member Saul Feagin Jr.contacted Plaintiffs' counsel requesting information about his settlement check. SSI informed Plaintiffs' counsel that, while Mr. Feagin had filed a change of address form through the SSI website in October 2019, he had not filed a claim form. As explained in the declaration of Mr. Feagin attached hereto, he believed he had filed a claim form and change of address form in October 2019 through the SSI website. As explained in the declaration of Trudy Mahabir attached hereto, the electronic claim form and change of address form on the SSI website appear on the same page, one right after the other. Mr. Feagin apparently thought they were one document. That Mr. Feagin believed that he had, in fact, taken the steps necessary to file a claim form is confirmed by the records of Plaintiffs' counsel. Plaintiffs' counsel made thousands of phone calls to class members in the fall of 2019 to remind them of the settlement and their right to file a claim. Among those called in late October was Saul Feagin. The contemporaneous notes of Plaintiffs' paralegal who made the call to Mr. Feagin indicates that Mr. Feagin was aware of the settlement and that he had already filed a claim with SSI. The paralegal informed him that having filed a claim he did not need to do anything further. There would be no reason for a class member to file a change of address form with SSI, as Mr. Feagin did, except as part of a claim. Those opting out of the settlement did not need to do anything and certainly did not need to provide a change of address form. The fact that only class members filing a claim would file a change of address form is confirmed by the language on the change of address form itself. The electronic form on SSI's website states at the top:

> If you submitted a Claim Form Or Consent to Sue and your address has changed, you must inform the Claims Administrator. You can submit your change of address by mail using the Change of Information form mailed to you and available on the Documents tab of this website, by phone . . . , or by filling out and submitting the form below.

2

The Document tab form is even more explicit:

> If the address on the notice is incorrect . . . you should fill out this form to receive settlement benefits.

Doc 1109-5 at 2. SSI confirms that Mr. Feagin did fill out and submit the form in a timely manner in October 2019. In doing so Mr. Feagin unequivocally expressed his intent to claim his settlement award. The change of address form also included the last four digits of his social security number so there was no question that he was the class member submitting the claim/change of address. Had SSI had any doubt as to Mr. Feagin's intent it should have contacted him immediately to point out that a claim form as well as the change of address form was required "to receive settlement benefits." Doc 1109-5 at 2. Had it done so, Mr. Feagin would have had ample time to correct his error. Having clearly and timely expressed his intent to seek settlement benefits, his claim should be approved. Mr. Feagin's final settlement allocation is $5979.87.

Plaintiffs' counsel contacted Defendants' counsel and Defendants' counsel indicated that Defendants oppose the relief requested in this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order approving the claims of Dennis Strodtman, Linda K. Lawrence, Amy L. Gilpatrick, Teagan Winkler, and Saul Feagin Jr.

Respectfully submitted this 26th day of May, 2020.

**Martin & Bonnett, P.L.L.C.**
By: s/Susan Martin
Susan Martin
Daniel Bonnett
Jennifer Kroll
4647 N. 32nd St.
Suite 185
Phoenix, AZ 85018
Telephone: (602) 240-6900

3

Dan Getman  (*pro hac vice*)
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
Telephone: (845) 255-9370

Edward Tuddenham (*pro hac vice*)
23 Rue du Laos
75015 Paris, France
Telephone: +33 0684798930

ATTORNEYS FOR PLAINTIFFS