Dan Getman (*Pro Hac Vice*)
Getman, Sweeney & Dunn, PLLC
260 Fair Street
Kingston, NY 12401
(845) 255-9370
dgetman@getmansweeney.com

Susan Martin (AZ#014226)
Daniel Bonnett (AZ#014127)
Jennifer Kroll (AZ#019859)
Martin & Bonnett, PLLC
4647 N. 32nd St., Suite 185
Phoenix, Arizona 85018
Telephone:  (602) 240-6900
smartin@martinbonnett.com
dbonnett@martinbonnett.com
jkroll@martinbonnett.com

Edward Tuddenham (*Pro Hac Vice*)
23 Rue du Laos
75015 Paris, France
etudden@prismnet.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Virginia Van Dusen, et al.,<br><br>           Plaintiffs,<br><br>    vs.<br><br>Swift Transportation Co., Inc., et al.,<br><br>           Defendants. | **No. CV 10-899-PHX-JWS**<br><br>**Declaration of James Sherwood** |

I, James Sherwood, declare as follows:

1. I am a paralegal at the law firm of Getman, Sweeney, & Dunn, PLLC (Hereafter "GSD").

**Amy Gilpatrick**

2. On April 14, 2020, GSD was contacted by Non-Opt-In Class Member Amy Gilpatrick.

3. During the call, Ms. Gilpatrick indicated that she timely submitted her claim by filling out the hardcopy Claim Form and Consent to Sue and W-4 forms included with her notice, scanning the completed forms, and emailing them as an attachment to the email address provided by the Settlement Administrator, Settlement Services, Inc. (SSI): claims@ssiclaims.com. SSI has no record of her claim form.

4. I provided Ms. Gilpatrick with instructions explaining how to forward to me the original email she sent to SSI and the attachments with the full, intact, original email header information—this is metadata embedded within the email and attachments, lodged in the file at the time of creation. The email she sent showed on its face that it was sent to claims@ssiclaims.com on September 24, 2019 at 3:35 pm with a subject line "Settlement forms attached."

5. After receiving the email Ms. Gilpatrick sent to SSI, I reviewed the metadata included with the email—that metadata confirms the dateline on the email—i.e. it shows that the email was generated and transmitted to "claims@ssiclaims.com" on September 24, 2019. The metadata for her email is attached as Exhibit 1.

6. The header metadata on the email also indicates that the email included an attachment, titled "new doc 2019-09-24 15.33.17-20190924153426.pdf."

7. The attachment that Ms. Gilpatrick claimed she sent to SSI with her email included a Claim Form and Consent to Sue; Change of Information Form; and Form W-4, This three-page attachment is appended to this declaration as Exhibit 2.

8. The handwritten signature date on the attachment forms is "9/24/19", the same date as her email to SSI.

9. After opening the attachment document in Adobe Acrobat XI Pro, I examined the properties of the attachment. The metadata on the attachment documents is attached as Exhibit 3 hereto.

10. The metadata embedded in the attachment shows that the document was created using "CamScanner," a commonly-used application for smartphones.

11. The attachment filename follows a standard convention of assigning a default creation date in the absence of manually entering a desired filename. In this case, the default filename in the metadata of the attachment is "new doc 2019-09-24 15.33.17"—the same name as the attachment identified in the metadata of the email sent to SSI. This name indicates that the attachment file was created on September 24, 2019, the same date as the handwritten signature date on the form itself, and the same date that the email was transmitted.

**Teagan Winkler**

12. On April 21, 2020, GSD was contacted by Non-Opt-In Class Member Teagan Winkler.

13. Ms. Winkler indicated that she timely submitted her claim by filling out the hardcopy Claim Form and Consent to Sue and W-4 forms included with her notice, photographing the completed forms, and emailing them as attachments to the email address provided by the Settlement Administrator, Settlement Services, Inc.: claims@ssiclaims.com. SSI can find no record of her claim form.

14. I provided Ms. Winkler instructions explaining how to forward the original, sent email to me with full, intact, original email header information—this is metadata embedded within the email itself. The received email is attached as Exhibit 4, and copies of the attachments to that email as Exhibits 5 and 6.

15. After receiving the email Ms Winkler sent to SSI, I reviewed the header information included in the email—the metadata shows that the email was generated and

2

transmitted to "claims@ssiclaims.com" on October 17, 2019, at 13:50 (and 55 seconds). The subject line for the email was "Teagan Winkler Claim&Consent"

16. The header metadata also indicates that the email included two attachments, titled "1017191337a.jpg" and "1017191337.jpg" respectively.

17. Ms. Winkler also sent me the two attachments to the email she sent to SSI. I opened the photo files in "Irfanview," a commonly-used photo-viewing and -editing application, and accessed the EXIF metadata for both images (copies of that metadata attached as Exhibits 7 and 8).

18. EXIF metadata includes information about when a photo file is created, including time and date of creation, and the device used to create the file, whether camera, scanner, phone, etc.

19. The EXIF metadata for both files show that the photos were taken on October 17, 2019, at 13:37 (and 41 seconds) for the file named "1017191337a.jpg," and October 17, 2019, at 13:39 (and 43 seconds) for the file named "1017191339.jpg.   In other words, the two attachments were created approximately 10 minutes before the metadata indicates that the email transmitting the attachments was sent to SSI.

**Linda Lawrence**

20. On April 21, GSD was contacted by Participating Class Member (Opt-In) Linda Lawrence (*neé* Merriman).

21. Ms. Lawrence had contacted the settlement administrator on or around 4/21/2020 and was informed that she was not on the list of participating class members and would not be receiving a settlement award.

22. Upon further investigation, I determined that Ms. Lawrence was an Opt-in Class member. However, in the process of matching the class list to existing opt-in class members Ms. Lawrence was incorrectly identified as a non-Opt-In Class Member. Her consent to sue, filed with the court on 1/29/2018, is attached as Exhibit 11.

23. The Settlement Agreement required non-opt-in class members to file claim forms and because SSI thought Ms. Lawrence was a non-opt-in class member who had not

3

filed a claim form it determined she had no right to a settlement payment. However the Settlement Agreement provides that Opt-In Class Members did not have to file claim forms in order to receive their award; they were automatically entitled to a settlement award.

24. Because Ms. Lawrence was an Opt-in Class Member, she had no obligation to file a claim form and her award should have been mailed to her in early April 2020.

**Saul Feagin Jr**

25. In April 2020, Saul Feagin Jr, a Non-Opt-In Class Member, contacted Martin & Bonnett, plaintiffs' co-counsel in the *Swift* matter, indicating that he had filed a timely claim and change of address form with Settlement Services, Inc. ("SSI") via the settlement website in October 2019. However, when he contacted SSI in April 2020 asking about his settlement allocation SSI informed him that it had received his change of address form in October, 2019, but had not received a claim form.

26. There would be no reason for a Class Member to submit a change of address form unless the Class Member were making a claim. Had SSI informed Mr. Feagin when it received his change of address form that there was no claim form attached, he would have had ample time to cure the issue. Mr. Feagin's affidavit is attached as Exhibit 9; the declaration of Martin & Bonnett Sr. Paralegal Trudy Mahabir is attached as Exhibit 10.

27. In the fall of 2019, Getman Sweeney made thousands of telephone calls to class members reminding them of their right to participate in the Settlement if they wanted to. I have reviewed our law firm's call records relating to that outreach effort, and I can confirm that the call notes indicate that a paralegal from Martin & Bonnett made positive contact with Mr. Feagin via phone in late October 2019. The contemporaneous call notes indicate that Mr. Feagin informed the paralegal that he had "submitted [his claim] last week."

28. The claims administrator has confirmed that Mr. Feagin submitted an address update through the settlement website in October 2019. *See* Ex. 10, Declaration of T. Mahabir.

I declare under the penalty of perjury of the laws of the United States that the foregoing statements are true and correct and are based on my personal knowledge.

Dated: May 1, 2020

Kingston, New York

*/s/ James R. Sherwood*

James R. Sherwood

5