# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Virginia Van Dusen, *et al.*, ) | |
| ) Plaintiffs, ) | 2:10-cv-00899-JWS |
| ) vs. ) | ORDER AND OPINION |
| ) Swift Transportation Co., Inc., *et al.*, ) | [Re:   Motion at docket 1182] |
| ) Defendants. ) | |

## I. MOTION PRESENTED

At docket 1182, plaintiffs have filed their third post-judgment motion seeking approval of claims by individuals whom they contend are entitled to settlement payments. The individuals are Dennis Strodtman, Linda K. Lawrence, Amy L. Gilpatrick, Teagan Winkler, and Saul Feagin, Jr. The defendants have opposed the motion at docket 1183, and plaintiffs' reply is at docket 1184. Oral argument would not assist the court.

## II. DISCUSSION

The parties are familiar with the factual and procedural background of this complex litigation. As the court has stated on the record, the lawyering in this case has

been extremely thorough. There is no need to recite the factual and procedural background in this order.

The claims, which are the subject of the pending motion, are in the following amounts: Strodtman–$23,710.94; Lawrence–$3,400.52; Gilpatrick–$1,475.00; Winkler–$15,186.25; and Feagin–$5,979.87. The total amount sought is $49,752.58. Defendants do not assert that any of the amounts are improperly calculated. Neither do they contend that if these five additional claims are approved the total to be paid would exceed the $100,000,000 ceiling set in the Settlement Agreement.

Defendants contend that the motion at docket 1182 is a violation of their contract rights under the Settlement Agreement because it deprives them of their right to rescind the agreement. The Settlement Agreement gave defendants a right to rescind by December 20, 2019, if the "all in" amount calculated by the Administrator exceeded $75,000,000. The all-in number did exceed $75,000,000. The parties agreed to extend the date for recision until January 15, 2020. Defendants elected not to rescind. It follows that the argument that the relief sought in the pending motion deprives defendants of their recision right lacks merit.

Defendants also argue that the motion at docket 1182 is a motion for relief from judgment governed by Fed. R. Civ. P. 60(b). They point out that construed as a motion for relief from judgment, the motion is untimely under Fed. R. Civ. P. 60(c). However, the motion is not a motion for relief from judgment. Rather, it presents a dispute over

matters the court has jurisdiction to resolve pursuant to the terms of the Settlement Agreement itself.[1]

Defendants also present arguments specific to each of the five claimants. Regarding Strodtman, they argue that there is utterly no evidence to support plaintiffs' assertion that the claims Administrator overlooked his timely claim. The argument is belied by the fact that the Administrator advised the parties, including counsel for defendants that it had overlooked his timely claim. Defense counsel asked for a copy of Strodtman's claim form which was supplied by the Administrator.[2] In their opposition, defendants urge that the court should not consider any evidence that might first be presented in plaintiffs' reply. While the court agrees with that proposition in general, Tuddenham's supplemental declaration shows that defense counsel already had the evidence when defendants argued that there was utterly no evidence. In this circumstance, the proposition advanced by defendants does not apply. Strodtman's claim should be paid.

Lawrence timely submitted a claim. Defendants' argument against paying her claim is that Lawrence was not listed among the opt-in claimants when plaintiffs moved for final approval of the settlement. In short, defendants argue that plaintiffs' counsel dropped the ball and the consequence is that Lawrence's claim should not be paid. Plaintiffs' counsel concedes that it erred, but points out that in a settlement involving approximately 20,000 class members of whom about 8,600 made claims an omission

---

[1] Settlement Agreement at ¶ 23, Doc. 1106-1 at p. 24.

[2] Supplemental Declaration of Edward Tuddenham, Doc. 1185 with attached exhibits.

was bound to occur. Thus, the issue is whether Lawrence should be denied the $3,400.52 to which she is entitled, because her lawyers made a foreseeable mistake. The court concludes that it would be an injustice to deny Lawrence's claim in these circumstances. Lawrence's claim should be paid.

Defendants contend that it is highly improbable that the Administrator has no record of receiving emailed claims from Gilpatrick and Teagan if their claims actually were made. Plaintiffs assert that they have discovered metadata showing the claims actually were sent. Defendants point out that metadata can be manipulated. To this, plaintiffs respond that truck drivers such as Gilpatrick and Teagan are not likely to possess the technological prowess to manipulate metadata. This is a difficult issue, but the court resolved the same issue earlier in favor of claimants Ekstein and Goddard. In addition, as plaintiffs point out, the Administrator's admission that it lost the Strodtman claim shows that its handling of emailed claims was not 100% accurate (nor with so many claims to process would the court expect it to be). The claims of Gilpatrick and Teagan should be paid.

Finally, the court concludes that Feagin's claim should be paid. As the rationale for this conclusion, the court adopts the arguments made and authorities cited by plaintiffs at docket 1182, pp. 2-3, and docket 1184, pp. 6-7.

### III. CONCLUSION

For the reasons set out above, the motion at docket 1182 is GRANTED.

DATED this 18th day of June, 2020.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT